[Nos. 15889, 15890.   Departmeut Two.—March 15, 1895.]

In the Matter of the Estate of HENRY WELCH, Deceased.   JAMES D. RUGGLES, Special Administrator, Appellant, v. HONORA WELCH, Respondent.

```
106  427
117  508
118  503
106  427
131    4
106  427
134  123
106  427
145  466
d145 467
145  561
```

Estate of Deceased Persons—Special Administrator—Family Allowance—Partial Distribution—Appeal.—The special administrator of the estate of a deceased person may appeal from an order directing him to pay the arrearage of family allowance which has accrued since the suspension of the general administrator, and also from a decree of partial distribution.

Id.—When Trustee may Appeal.—Wherever an order or decree involves a construction of the proper exercise of the duties of a trustee, or presents a question as to the right or power of the trustee to comply with it, or wherever obedience to it might subject him to liability, even where the order is one merely for the payment of funds, the trustee may appeal therefrom.

Id.—Family Allowance—Finding as to Necessity for.—An order for the payment of a family allowance to a widow is not invalid for lack of a specific finding that the property exempt from execution and already set apart for her support was insufficient for that purpose.   The fact that the court, after setting aside exempt property, made an order for family allowance, involved of necessity the decision that the amount originally set apart was insufficient.

Id.—Claim Against Estate.—An order directing a special administrator to pay the arrearage of family allowance, which had been granted to the widow during the progress of the general administration of the estate, is not an order for the payment of a claim or debt against the estate; and the fact that the widow made application for the payment of such arrearage did not convert her statutory right into such debt or claim.

Id.—Continuance of Right to Family Allowance.—A widow's right to the payment of a family allowance which had been granted to her while the estate was in the hands of a general administrator, is not suspended by reason of the removal of the general and the appointment of a special administrator.   The right to such allowance continues during the special administration.

Id.—Delay in Demanding Allowance.—The delay of the widow for several years to demand the payment of her family allowance does not, of itself, forfeit her right to it.

Id.—Special Administrator—Partial Distribution.—A partial distribution of the estate cannot be had while it is in the hands of a special administrator.

Appeals from an order of the Superior Court of the City and County of San Francisco directing the payment of a family allowance and from a decree of partial distribution.

The facts are stated in the opinion of the court.

*Sumner & Moses,* for Appellant.

A family allowance is a provision of a peculiar character, and intended for the present support of the family. It cannot be permitted to accumulate as a fund, and is waived by laches and the failure to demand it. (*Barnum* v. *Boughton,* 55 Conn. 117; *Adams* v. *Adams,* 10 Met. 170; *Drew* v. *Gordon,* 13 Allen, 122; *Davis' Appeal,* 34 Pa. St. 256; *Kern's Appeal,* 120 Pa. St. 528; *Baskin's Appeal,* 38 Pa. St. 65; *Burk* v. *Gleason,* 46 Pa. St. 297; *Tibbin's Estate,* 5 Phila. 100; *Drowry* v. *Bauer,* 68 Mo. 155; *Dease* v. *Cooper,* 40 Miss. 114; *Churchill* v. *Bee,* 66 Ga. 621; *Somers' Estate,* 14 Phila. 261; *Andress' Estate,* 14 Phila. 263; *Hunt's Estate,* 14 Phila. 330; *Heller's Estate,* 11 Phila. 120; *Williams' Appeal,* 92 Pa. St. 69; *Wright* v. *Wright,* 13 Allen, 207.) A special administrator has no power or authority, and cannot be vested by the court with power or authority, to make any distribution of an estate, either in whole or in part. (Code Civ. Proc., secs. 1411, 1415; *Henry* v. *Superior Court,* 93 Cal. 571; *In re Moore,* 88 Cal. 3; *In re Sackett,* 78 Cal. 300; *In re Haskett,* 3 Redf. 168; *Matter of Aaron,* 5 Demarest, 362; *Matter of Parish,* 29 Barb. 627; *Kaminer* v. *Hope,* 9 S. C. 253; *Estate of Ellmaker,* 4 Watts, 34.)

*Garret W. McEnerny,* for Respondent.

HENSHAW, J.—Two separate appeals are brought to this court by the special administrator of the estate, but they may advantageously be considered and determined together.

In the first (No. 15889) the special administrator appeals from an order directing him to pay the arrearage of family allowance which has accrued since the suspension of the general administrator.

In the second (No. 15890) he appeals from a decree of partial distribution, by which he is directed to pay five thousand dollars to the widow. All of the proceedings leading to this decree were had while there was no

general administrator, and while appellant was in charge of the estate.

In each appeal a motion to dismiss is made upon the ground that the appellant is not a party aggrieved; and in support of the motions are cited the numerous cases which decide that an executor or administrator has in general no such interest in the conflicting claims of heirs and devisees as will warrant his appeal from adjudications fixing their rights, and distributing the estate accordingly. (*Bates* v. *Ryberg*, 40 Cal. 465; *Estate of Wright*, 49 Cal. 551, *Estate of Marrey*, 65 Cal. 287; *Roach* v. *Coffey*, 73 Cal. 282; *Estate of Jessup*, 80 Cal. 625; *In re Sanborn*, 98 Cal. 104.)

The rule as declared by these cases does not admit of question. It is a sound proposition that administrators, general or special, like receivers and other trustees or custodians of funds for designated purposes, are not ordinarily affected by orders in reference to their disposition, and, therefore, will not be heard on appeal from such orders. But this rule has its well-defined limitations. Wherever an order or decree involves a construction of the proper exercise of the duties of the officer, wherever it presents a question as to the right or power of the trustee to comply with it, wherever obedience to it might subject him to liability, the rule does not operate. Even where the order is one merely for the payment of funds, if any of these questions arise under it and personal liability may attach, the right of the officer to appeal is recognized and upheld. (Beach on Receivers, secs. 286, 757; *How* v. *Jones*, 60 Iowa, 71; *Hinckley* v. *Gilman etc. R. R. Co.*, 94 U. S. 467; High on Receivers, sec. 8196.) The authorities above cited deal more particularly with a receiver's right to appeal. But the principle is the same in the case of all trustees, while special administrators whose powers are here under consideration are little else than receivers in chancery, with such limited powers as may be conferred or authorized by statute. (Schouler on Executors and Administrators, sec. 134; Croswell on Executors and Administrators, sec.

228; Williams on Executors, 7th Am. ed. 587, et seq; *In re Moore*, 88 Cal. 3.)

In both of these appeals the adjudication involves the question of the powers of the special administrator. By each order or decree he is required to disburse and distribute funds. By a compliance with either, personal liability may attach. The one is claimed by appellant to require him to pay a debt or claim against the estate; and the other is a decree of partial distribution. Each is appealable by a party in interest, and the special administrator under the circumstances we hold to be such a party. The preliminary motions to dismiss are, therefore, denied.

1. In the matter of the first appeal the court had made, during the incumbency of the general administrator, an order for the payment of a family allowance. No appeal was taken from it, and the time to appeal had expired long before any of the proceedings here attacked had been initiated.

It is asserted that this order is invalid for lack of a finding that the property exempt from execution and already set apart to the support of the widow was insufficient for the purpose. (Code Civ. Proc., secs. 1464–66.) The fact that the court, after setting aside exempt property, made its order for family allowance involved, of necessity, the decision that the amount originally set apart was insufficient. The order for additional allowance in itself was a declaration of that insufficiency. *Estate of Luther*, 67 Cal. 319, in no wise conflicts with this view. The probate court had there set apart farming land and personal property to the family, and refused to make an extra allowance. This court declined to review that order in the absence of a finding that the property set apart was insufficient. In other words, it treated the order of the court refusing family allowance as equivalent to a finding that the amount already set aside was sufficient; which is the same proposition in a different form as that here declared.

During the life of the order for the payment of the

family allowance Purcell, the administrator, was suspended. This was in March, 1889. Protracted litigation followed as to Purcell's right to administer. Upon appeal to this court the order of suspension was reversed; but he was again suspended by another order, and he again appealed. For the years consumed in this litigation a special administrator was in charge of the estate, and the widow received no part of her allowance. At last, in 1893, she made demand upon the special administrator for the arrearage, and, upon refusal, applied to the court in probate for an order directing him to pay it. The estate is solvent. The time for presenting claims had expired before the removal of the general administrator. There was but one claim presented which was in dispute, and the amount of this was inconsiderable, as compared with the value of the estate. Under these circumstances the court held that its original order for family allowance was in full force and effect, and directed the special administrator to pay the amount accumulated under it.

This latter order was not one for the payment of a claim or debt against the estate (*Estate of McCausland*, 52 Cal. 568); nor did the fact of the application for it convert the widow's statutory right into such a debt or claim. In *Stuttmeister* v. *Superior Court*, 72 Cal. 487, the attorney's fee was treated by all parties as a claim against the estate, was regularly presented and allowed as such. This court said that since it had been so treated the order for its payment was appealable under section 963, subdivision 3, of the Code of Civil Procedure. But it also declared that the liabilities of an executor or administrator in the management of an estate, or in administering the trust, stand upon a different footing from that of claims proper.

The powers of a special administrator in this state are drawn from the statute. Adjudications from sister states under varying laws can aid little in determining their scope. They are specified in section 1415 of the Code of Civil Procedure. In particular they have to do

with the collection and preservation of the estate.  This generally is the province of the administrator *pendente lite*, and herein lies the similarity between his functions and those of a receiver.  By our law he has the powers enumerated by statute, each and all of which pertain to the collection and preservation of the estate, and " such others as are conferred upon him by his appointment." Though the language above quoted is broad, its limitations are apparent.  It is no general grant.  It does not authorize the court to obliterate the distinctions between general and special administrators.  The additional powers are only such as are incident to those designated, or in line with them.

The right of a widow to family allowance is not only statutory but it is one strongly favored.  (*In re Lux* 100 Cal. 603.)  She is entitled to her allowance even before letters of administration are granted.  (Code Civ. Proc., sec. 1464.)  After issuance of such letters in a solvent estate she is entitled to it *during the progress of the settlement of the estate.* (Code Civ. Proc., sec. 1466.)  The contention that because the estate is in the hands of a special administrator no progress is being made toward its settlement, and that therefore the widow's right is suspended, is too refined.  If there is delay in granting letters of administration, or an administrator is suspended or removed, the court must appoint a special administrator.  (Code Civ. Proc. sec. 1411.)  The widow's right to an allowance before the issuance of letters is not affected by this delay; and *upon reason it is not* easy to see why it should be different in case of suspension.  The widow unquestionably has her right to an allowance before letters issued, and to have it paid by the special administrator.  The power to pay this allowance is one of the additional powers contemplated by section 1415 of the Code of Civil Procedure.  That the widow's right is equally good when a special administrator has been appointed after suspension or removal of the general administrator would, as has been said, seem to rest upon sound

principle. But, additionally, it has the sanction of the statute. Section 1522 of the Code of Civil Procedure. provides: "At any time after receiving letters the executor, administrator, or special administrator may apply to the court or judge and obtain an order to sell perishable . . . . and so much other personal property as may be necessary to pay the allowance made to the family."

By express contemplation of this statute the special administrator is expected to pay the family allowance, and we will not put so strained and narrow a construction upon it as to hold that it refers only to allowance before letters issued.

Nor will we hold that the widow's delay in demanding the accumulated allowance forfeits her right to it. Some authority is cited in support of the proposition, but the doctrine does not commend itself, and the general rule in this state is as laid down in the Lux case. (100 Cal. 593–603.)

Cases may arise where the special facts show a waiver by the widow—for the statute being in her interest she may waive her right—but these cases will be determined under the principles of waiver and estoppel, which principles do not apply here.

2. Something of what has been said upon the first appeal is applicable to the second appeal from the decree of partial distribution. No express authority for decreeing partial distribution of an estate in the hands of a special administrator is found in the statute. If partial distribution can be decreed under section 1415, so also may general distribution, and all the distinctions between general and special administrators be thus swept aside. This was not the design of the lawmakers. Even in England, where by the statute of Victoria (20 & 21 Vict., c. 77) the administrator *pendente lite* is given most of the powers of a general administrator, the right of distribution is withheld. (1 Williams on Executors, 7th Am. ed., 587.)

The order directing payment of family allowance is affirmed.

The decree of partial distribution is set aside.

TEMPLE, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.