[L. A. No. 1613.   Department Two.—July 21, 1905.]

In the Matter of the Estate of ELLERTON W. ALDRICH, Deceased. SARAH OLIVE ALDRICH, Appellant, v. WILLIAM S. ALLEN, Administrator, LENORA ALD-RICH et al., Respondents.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—NOM-INATION BY WIDOW—CONCLUSIVENESS OF ORDER—CONFLICTING CLAIM TO WIDOWHOOD.—An order regularly made upon legal notice grant-ing letters of administration upon nomination of a person whom the court found to be the surviving wife of the deceased is con-clusive against another person subsequently applying for letters under a conflicting claim to be the surviving wife of the deceased.

ID.—PROCEEDING IN REM—NOTICE.—An application for letters is a pro-ceeding *in rem*, and requires no other notice than the statute pre-scribes; and the fact that the subsequent claimant of widowhood had no actual notice of the prior application is immaterial.

ID.—CONSTRUCTION OF CODE.—Section 1383 of the Code of Civil Pro-cedure only allows the appointment of an administrator to be superseded by one of a superior class, and does not apply to the conflicting claim of one person to be the surviving husband or wife, or one of the other persons named therein, after there has been an adjudication in favor of another claimant of the same class.

APPEAL from an order of the Superior Court of Los An-geles County refusing to revoke letters of administration and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellant.

The question of the validity of the claim of the appellant to be the surviving wife of the deceased was not litigated upon the application for letters. To be a bar, the question litigated must be between the same parties, and be directly in issue. (Code Civ. Proc., sec. 1383; *Sanders* v. *Simach,* 65 Cal. 53, 2 Pac. 741; *Fulton.* v. *Hanlow,* 20 Cal. 450; *Lil-lis* v. *Emigrant Ditch Co.,* 95 Cal. 553, 30 Pac. 1108; *Howell* v. *Budd,* 91 Cal. 348, 27 Pac. 747; *Estate of Gordon,* 142 Cal. 125, 75 Pac. 672.)

Henry J. Stevens, for Administrator, Respondent.

The former judgment as to the right of administration, based upon who was the surviving wife of the decedent, is conclusive as against the appellant, the proceeding being *in rem*, so far as the right to letters is concerned. (1 Herman on Estoppel and Res Adjudicata, secs. 250, 327, 328, 337-339, 344, 365; Schouler on Executors, p. 224; Woerner on Executors, secs. 143-148; *Kearney* v. *Kearney*, 72 Cal. 593, 15 Pac. 769; *In re Griffith*, 84 Cal. 107, 108, 23 Pac. 528, 24 Pac. 381; *Mulcahy* v. *McDowell*, 131 Cal. 77, 63 Pac. 158; *Burris* v. *Kennedy*, 108 Cal. 336, 41 Pac. 458; *Freeman* v. *Rahm*, 58 Cal. 114; *Howell* v. *Budd*, 91 Cal. 345, 27 Pac. 747; *Hanley* v. *Hanley*, 114 Cal. 690, 46 Pac. 736; *William Hill Co.* v. *Lawler*, 116 Cal. 359, 48 Pac. 323; *Estate of Davis*, 136 Cal. 595, 69 Pac. 412; *Estate of Roach*, 139 Cal. 21, 72 Pac. 393; Code Civ. Proc., sec. 1908, subd. 1.)

McFARLAND, J.—Letters of administration in the above estate were issued to W. S. Allen on the nomination of Lenora Aldrich, who claimed to be the surviving wife of the deceased. Several months afterwards Sarah Olive Aldrich, also claiming to be the surviving wife of the deceased, filed a petition asking that the letters of administration to Allen be revoked, and that letters issue to her. The court below denied this petition, and from the order denying it and from an order denying her motion for a new trial the said Sarah Olive Aldrich appeals.

Many questions are raised in the case which we do not consider it necessary to discuss, because, in our opinion, the first order of the probate court appointing Allen administrator was final and conclusive as to the right to the administration of the estate. An order appointing an administrator is a proceeding *in rem*, and binds all persons, except where statutory requirements as to notices, etc., have not been complied with, and except as to persons who are expressly excepted by statute from the conclusiveness of the order. In the case at bar Allen based his petition for letters on the written request and nomination of Lenora Aldrich, whom he alleged to be the surviving wife of the deceased. The public administrator also filed a petition to be appointed administrator of said estate. Both petitions were heard at the same

time, and notice of the hearing as provided by the statute
was duly given, and all of the provisions of the statute touch·
ing the matter of the appointment of an administrator were
complied with. The court found that said Lenora was the
only surviving wife of the deceased, and that she had duly
requested the appointment of Allen, and ordered and
decreed that letters issue to said Allen. This order was made
October 17, 1902. The petition of the appellant for the
revocation of the letters to Allen was filed February 20,
1903.

Appellant asserts her right to revoke the letters to Allen
under section 1383 of the Code of Civil Procedure, which pro-
vides that when letters have been granted ''to any other
person than the surviving husband or wife, child, father,
mother, brother, or sister of the intestate,'' any one of such
persons may obtain the revocation of the letters and be
entitled to the administration. But this section evidently
deals with classes of persons who are given, respectively,
statutory priority in their rights to letters of administration.
It does not allow the former decree to be reviewed or assailed,
but merely permits it to be superseded by a person of another
and superior class. It refers to a case where letters have been
granted to one not claiming or having been adjudicated to
be one of the persons mentioned in section 1383,—as, for
instance, where the public administrator, or a creditor, or
some other person legally competent, but not enumerated in
said section, has been appointed. It does not embrace a case
where the one appointed had applied as one of the persons
enumerated in the said section, and had been adjudicated by
the court to be the surviving husband, or wife, or one of the
other persons enumerated therein. The decree appointing
Allen is conclusive as to the things therein adjudicated, one of
which was that Lenora was the surviving wife. The fact
that appellant did not personally appear in the proceeding
which resulted in the appointment of Allen, or had not actual
notice of such proceeding, makes no difference. In proceed-
ings *in rem* no notice is necessary, except such notice as the
statute expressly prescribes. We hold, therefore, that the
appointment of Allen conclusively determined that Lenora
was the surviving wife—so far, at least, as the question of
the right of administration as between her and the appellant

is involved; and the right to letters of administration is the only one arising in this appeal.

The judgment and orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.