[S. F. No. 6777.   Department One.—March 2, 1914.]

## In the Matter of the Estate of CHARLES NELSON, Deceased.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE FROM SOLVENT ESTATE—CONCLUSIVENESS OF ORDER.—A final order granting a widow a family allowance from the solvent estate of her deceased husband, made after the filing of the inventory, as provided by section 1466 of the Code of Civil Procedure, is conclusive in favor of her right to receive the amount directed to be paid to her, so long as the order remains in force.

ID.—CHANGE IN CONDITIONS OF ESTATE—MODIFICATION OF ORDER.— Where there has been a change in the circumstances of the estate, or in the relation of the parties, the court may modify the order in accordance with the altered conditions, but, until such modification is made, the order retains its force as a judgment.

ID.—ORDER OF MODIFICATION CANNOT OPERATE RETROACTIVELY.—The court cannot make its order of modification operate retroactively so as to cut off the right of the widow to the allowance which had actually accrued under the original order.

ID.—PARTIAL DISTRIBUTION—DELAY IN DEMANDING PAYMENT IS NOT FORFEITURE OF ALLOWANCE.—The widow, after a partial distribution of the estate had been made to herself and others, did not forfeit her right to further payments of the allowance, by her mere delay in demanding the same.

CLXVII Cal.—21

ID.—REDUCTION OF ALLOWANCE FROM FIVE HUNDRED DOLLARS TO FIFTY
DOLLARS A MONTH—DISCRETION NOT ABUSED.—Where an estate
originally of the value of almost six hundred thousand dollars, is
partially distributed, so as to leave in the possession of the executors
property of the value of about seven thousand six hundred dollars,
of which upward of one thousand six hundred dollars is then due
the widow for accrued family allowance, it is not an abuse of dis-
cretion for the court to reduce the allowance, which was originally
fixed at five hundred dollars a month, to the sum of fifty dollars a
month.

APPEALS from an order of the Superior Court of Ala-
meda County directing the payment of accrued family allow-
ance, and reducing the amount of the monthly allowance for
the future. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

S. C. Denson, and Denson, Cooley & Denson, for Appel-
lants, Executors etc.

L. G. Harrier, and Theodore W. Chester, for Appellant
and Respondent, Helena Stind Nelson.

SLOSS, J.—The will of Charles Nelson, deceased, was ad-
mitted to probate on the twenty-eighth day of June, 1909, and
letters testamentary issued to James Tyson and Margaret
Bresse. On August 30, 1909, an inventory and appraisement
was filed, showing assets of the estate appraised at $586,370.13.
Helena Stind Nelson, the widow of the decedent, thereafter
filed a petition for the setting apart of exempt property and
for a family allowance, and, on October 13, 1909, the court
made an order setting aside for her use certain property
appraised at one thousand and eighty-five dollars, and giving
her an allowance of five hundred dollars per month during the
progress of the settlement of the estate. This allowance was
paid for fifteen months, dating from June 5, 1909, to Septem-
ber 5, 1910. On August 17, 1910, the executors rendered their
first annual account. On the same day the widow and a
number of others taking under the will filed a petition for
partial distribution. On September 8, 1910, the court ap-
proved the account and made a decree of partial distribution
By this decree all the estate, with the exception of items ap-

praised at seventy-six thousand dollars, together with interest accrued and to accrue thereon, was distributed to the various parties entitled thereto. The widow received under the decree cash in the sum of seven thousand five hundred dollars, and shares of stock in corporations of the appraised aggregate value of $138,585. There were also distributed to her some future contingent interests in other parts of the estate.

After the making of this decree no further payments were made under the order for family allowance, and on June 7, 1913, the widow served on the executors notice that she would move the court for an order directing the executors to pay her the family allowance of five hundred dollars per month accrued since the date of the last payment, September 5, 1910. The executors gave notice of a counter-motion for an order modifying the order for family allowance and discontinuing it on and after September 5, 1910. This motion was based on the grounds that by the decree of partial distribution almost all of the estate had been set over to the persons entitled thereto, and the widow had come into possession of practically her whole share of the estate, and, further, that all parties understood that upon such partial distribution, the family allowance should cease, and the widow had acquiesced in such understanding for more than two and a half years.

The two motions came on for hearing together, and the court made its order, by which it found that the widow was entitled to receive the unpaid allowance from September 5, 1910, until June 23, 1913 (the day on which the executors served notice of their motion to discontinue), and ordered the payment of such accrued allowance, amounting to sixteen thousand, eight hundred dollars. It also ordered that, from and after June 23, 1913, the family allowance be reduced from five hundred dollars per month to fifty dollars per month.

The executors appeal from the entire order, while the widow appeals from that part of it which reduces the allowance to fifty dollars per month.

The widow has moved to dismiss the appeal of the executors, but, in view of the conclusions we are about to state, it is deemed preferable to disregard this motion and to dispose of the case on the merits.

The order of October 13, 1909, giving to the widow an allowance of five hundred dollars per month, was made after the filing of the inventory. The allowance was not, therefore, one terminating upon the return of the inventory (Code Civ. Proc., sec. 1464), but was the allowance "during the progress of the settlement of the estate," provided for by section 1466 of the Code of Civil Procedure. An order "against or in favor of making an allowance for a widow or child" is an order from which an appeal may be taken. (Code Civ. Proc., sec. 963.) When such order has become final, either by affirmance on appeal or, as in this case, by lapse of the time within which an appeal might have been taken, it becomes a binding and conclusive adjudication of all matters necessarily determined by the trial court as a basis to the making of the order. (*In re Stevens,* 83 Cal. 326, [17 Am. St. Rep. 252, 23 Pac. 379].) Thus, for example, such an order involves a determination that the property set apart for the widow and children under section 1465 is insufficient for their support. (*In re Welch,* 106 Cal. 427, [39 Pac. 805].) Similarly, a grant of family allowance in favor of an applicant claiming to be the widow of decedent is "conclusive as to the *status* of the person in whose favor it was made for all purposes connected with the order and the payment of the money thereunder." (*Estate of Nolan,* 145 Cal. 559, [79 Pac. 428].) The order is not subject to collateral attack, and the superior court does not retain power to review its own action and make a new exercise of the judicial discretion on the matter which it has already determined by such adjudication. The soundness of these declarations is fully recognized in *Estate of Treat,* 162 Cal. 250, [121 Pac. 1003]. There it was held that the court below should have sustained the action of the administrators of an insolvent estate in refusing to pay family allowance which had accrued after the lapse of a year from the grant of letters. But the decision was put upon the ground that the provision of section 1466, limiting the right to family allowance to one year, in case of an insolvent estate, entered into and was a part of the order granting the allowance. The cutting off of the allowance was not, therefore, a change of the original order; it was merely the enforcement of a limitation contained in the order itself.

In the case at bar the estate was solvent. The order granting the family allowance was therefore conclusive in favor of the widow's right to receive the amount directed to be paid to her, so long as the order remained in force. We do not doubt that, where there has been a change in the circumstances of the estate, or in the relations of the parties, the court may modify the order in accordance with the altered conditions. That such power exists has been strongly intimated, though not directly decided, by this court in *Estate of Lux,* 100 Cal. 593, 604, [35 Pac. 341], and *Estate of Bell,* 131 Cal. 1, [63 Pac. 81, 668]. (See, also, *Estate of Walkerly,* 77 Cal. 642, 20 Pac. 150].) But, until such modification is made, the order retains its force as a judgment. So far as the claim for installments of allowance had actually accrued, "the order, like any money judgment, was the property of the respondent." (*Estate of Lux,* 114 Cal. 73, [45 Pac. 1023].) Assuming, therefore, that the executors proved that there had been such a change as to justify a reduction of the family allowance, they were not entitled to claim, as they do on this appeal, that the court should have made such reduction operative retroactively, so as to cut off the allowance accrued since the partial distribution. What the court did was to cut down the allowance from the date of the service of the executors' notice of motion. It was not authorized to do more.

The executors contend, further, that the widow, by acquiescing in the discontinuance of the payment after the partial distribution, waived her right to demand further payments. Mere delay in demanding the accumulated allowance does not forfeit the right to it. (*In re Welch,* 106 Cal. 427, [39 Pac. 805].) On the issue whether there had been an understanding that the allowance should cease upon partial distribution, the evidence was conflicting, and the conclusion of the trial court cannot be disturbed here.

What has been said is sufficient to dispose of the appeal of the executors. The widow also appeals from that part of the order cutting down her allowance for the future, to fifty dollars per month. We have already stated our view that the court may, when changed circumstances justify, thus modify an order for family allowance. This is not questioned by the widow. But it is claimed by her that the court abused its discretion in reducing the allowance under the facts here

shown. We cannot agree with this contention. It is true that the fact that the widow has property of her own (*Estate of Lux,* 100 Cal. 603, [35 Pac. 341], *Estate of Bump,* 152 Cal. 276, [92 Pac. 643], or that she has received property from the estate pending the administration (*Estate of Lux,* 114 Cal. 83, [45 Pac. 1023] ; *Estate of Cowell,* 164 Cal. 636, 130 Pac. 209] ), does not, under our statutes, affect her right to a family allowance. But the receipt by the widow of the major part of her interest in the estate is not the only fact relied on by the executors. It appears that nearly the entire estate was distributed, much of it to other beneficiaries. The allowance to the widow is to be based upon a consideration, not only of her prior mode of life, but of the condition and value of the estate. After the partial distribution the assets of the estate were only seventy-six thousand dollars, or thereabouts, and a considerable part of this was payable for accrued allowance. It goes without saying that, other things being equal, an estate of this size should not be subjected to the same allowance that would be fixed for an estate of five hundred and eighty-six thousand dollars, the figure shown by the original appraisement. In granting a family allowance, the trial judge has a wide range of discretion. (*Estate of Cowell,* 164 Cal. 636, [130 Pac. 209].) On the record before us, it cannot be said that there was any abuse of discretion in reducing the allowance to fifty dollars per month during the remaining period of administration.

The notice of motion served and filed by the executors was couched in terms broad enough to authorize the court to entertain and decide the question of reducing the allowance.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.