[S. F. No. 7033. Department Two.—February 9, 1915.]

In the Matter of the Estate of ESMERENCIA SANCHEZ GRAFF, Deceased. M. J. HYNES, as Public Administrator of the City and County of San Francisco, Appellant, v. WILLIAM RENNIE, Administrator of the Estate of Esmerencia Sanchez Graff, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—RIGHT TO ADMINISTRATION.—In determining the preferential rights of persons entitled to letters of administration on the estate of an intestate, sections 1365, 1368, and 1369, of the Code of Civil Procedure must be construed together.

ID.—GUARDIAN OF NONRESIDENT MINOR HEIR NOT ENTITLED TO LETTERS. Under such sections, the guardian of the estate of a nonresident minor heir of a deceased intestate is not entitled to letters of administration on the decedent's estate in preference to the public administrator.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting letters of administration on the estate of a deceased person.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Cullinan & Hickey, for Appellant.

Edmund Tauszky, for Respondent.

LORIGAN, J.—The facts in this matter are admitted.  Esmerencia Sanchez Graff died intestate leaving estate in the city and county of San Francisco.  Her only heirs at law are two grandchildren, Hildegard Melsheimer of the age of majority residing in Belgium, and Carmelita Muller, a minor residing in Germany.  The respondent, William Rennie, is the guardian of the estate of Carmelita Muller.  Two petitions for letters of administration of the estate of Esmerencia Sanchez Graff, deceased, were filed, one by said William Rennie, claiming the right to administer as guardian of the estate of Carmelita Muller, the other by M. J. Hynes, claiming the right to administer as public administrator of the city and county of San Francisco.  The court granted the petition of William Rennie and denied that of M. J. Hynes and this appeal is taken by the latter.

The question presented for determination is solely whether the guardian of the estate of a nonresident minor, heir of a deceased person, is entitled to letters of administration.

Section 1365 of the Code of Civil Procedure enumerates the persons who are entitled to letters of administration of the estate of a decedent and the preferential order in which the relatives of the deceased or other persons are entitled to administer, placing the grandchildren of the deceased in the sixth class, the public administrator in the eighth and in the tenth and last class any person legally competent.  Section 1369 provides that no person is competent or entitled to serve as administrator or administratrix who is, first, under the age of majority; second, not a *bona fide* resident of the state; third, convicted of an infamous crime; fourth, adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, want of understanding or integrity.  Section 1368 provides that "*if any person en-*

*titled to administration* (italics ours) is a minor or an incom-
petent person, letters must be granted to his or her guardian,
or any other person entitled to letters of administration in
the discretion of the court." It is this last section which calls
for particular consideration but in determining who is en-
titled to administration of an estate all the sections of the
code which bear upon the matter are to be examined. Ob-
viously these are the three sections—1365, 1368, and 1369—
and they must all be taken together in determining what the
law is on the subject. Counsel for respondent asserts that the
question of who is "entitled" to administer in this particular
case is to be determined by a consideration of sections 1365
and 1368 only, but we perceive no reasonable ground advanced
by him upon which this restriction should apply. Not only
these two sections but also section 1369 are involved in the
inquiry. While section 1365 declares the general rule as to
persons who are entitled to administration and the order of
preference to be given to them in a grant of letters, this section
is to be read in connection with section 1369 which declares
that "no person is entitled to serve as administrator" who is
subject to the disqualifications mentioned in this latter section.
These two sections declare who are "entitled" to administer
and expressly provide that neither a minor, nonresident, con-
vict or incompetent shall be "competent or entitled" to serve
as an administrator. When section 1368 authorizes letters of
administration to be granted to his guardian "if any person
entitled to administration is a minor or incompetent" the lan-
guage "any person entitled to administration" has reference
to such persons as are under the terms of sections 1365 and
1369 taken together, declared to be so entitled. It refers to
those who if they were not minors or incompetent persons
would otherwise be entitled to administer. In the case at bar
(leaving out for the moment any consideration of section 1365)
there are two grounds upon both of which the ward herself
would be disqualified from asserting a right to administer,—
namely, minority and nonresidence. If by a direct provision
of law the disqualification of minority alone had been removed
she would still not be entitled to administration because the
other ground of disqualification—nonresidence—would still
remain. Now the only ground of disqualification which is re-
moved by section 1368 is the bar of minority and that only
to the extent that if a minor has a guardian the guardian

shall be entitled to represent him and obtain a grant of administration where the ward, save for his minority would be entitled to it. The section deals only with the bar of minority and removes that. No other ground of disqualification affecting the right of the ward to administer is removed. The purpose of the statute is to give to the guardian the same right of administration as the ward would be entitled to if the bar of minority were removed from the latter. If a ward, were the bar of minority removed, would still not be entitled to administration on account of the further disqualification of nonresidence, then the guardian is not entitled to letters. Nonresidence of the ward stands as a fatal bar against both him and his guardian because by the plain terms of section 1368 it is only the bar of non-age or incompetency of the ward that is removed. Nonresidence still remains as an absolute disqualification affecting alike the ward and the guardian.

Under this view the guardian of Carmelita Muller was not entitled to letters of administration as against the appellant, the public administrator.

The order appealed from is therefore reversed.

Melvin, J., and Henshaw. J., concurred.