TITLE INSURANCE AND TRUST COMPANY, EXECUTOR, ESTATE OF OTTO
F. BRANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket Nos. 35010, 49624.   Promulgated March 7, 1932.

*George G. Witter, Esq., George M. Thompson, C. P. A.,* and *M. F. Mitchell, Esq.,* for the petitioner.

*Byron M. Coon, Esq.,* for the respondent.

806

OPINION.

SEAWELL: In the determination of the issue herein, it is necessary for us to consider and construe the order of the Superior Court of California granting family allowance to the widow of Otto F. Brant,

in connection with the law of California authorizing such allowance, and the provisions of the Revenue Acts of 1921 and 1924 applicable thereto.

Chapter V of Title XI of the Code of Civil Procedure, California, 1925, contains provision for the support of the family of a decedent. By section 1464 of said code it is provided:

*Widow and minor children may remain in decedent's house, etc.* When a person dies leaving a widow or minor children, the widow or children, until letters are granted and the inventory is returned, are entitled to remain in possession of the homestead, of all the wearing-apparel of the family, and of all the household furniture of the decedent, and are also entitled to a reasonable provision for their support, to be allowed by the superior court, or a judge thereof. [Amendment approved 1880; Code Amdts. 1880, p. 87.]

Section 1465 of said code provides:

Upon the return of the inventory, or at any subsequent time during the administration, the court may on petition therefor, set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead selected, designated, and recorded; * * *

Sections 1466 and 1467 of said code provide:

§ 1466. *Court may make extra allowance.* If the property set apart is insufficient for the support of the widow and children, or either, the court or a judge thereof must take such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary or of administration. [Amendment approved 1907; Stats. 1907, p. 933.]

§ 1467. *Payment of allowance.* Any allowance made by the court or judge, in accordance with the provisions of this article, must be paid in preference to all other charges, except funeral charges and expenses of administration; and any such allowance, whenever made, may, in the discretion of the court or judge, take effect from the death of the decedent.

Section 1516 of said code provides that all of the property of the decedent shall be chargeable with the payment of the debts of the deceased, the expenses of administration, and the allowance to the family, except as otherwise provided in said code and in the Civil Code, and that there shall be no priority as between personal and real property for the above purposes.

Section 1359 of the Civil Code of California, 1925, provides that before any debts are paid the expenses of the administration and the allowance to the family must be paid or provided for.

In section 1646 of the Code of Civil Procedure of California it is provided that the executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses and the expenses of the last sickness, and the allowance made to the family of the decedent.

There is no mention made in the statutes of income of the estate of the decedent.

The granting of family allowance is not dependent on the existence of income of the estate, but the statute (§ 1466), in certain instances and for a limited period, authorizes the proper court or a judge thereof to make such reasonable allowance " out of the estate " as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, although the estate may be insolvent.

The right of the widow to a family allowance is purely statutory. *In re Welch's Estate*, 106 Cal. 427; 39 Pac. 805; *In re McSwain's Estate*, 176 Cal. 280; 168 Pac. 117; *Hills* v. *Superior Court in and for Los Angeles County*, 207 Cal. 666; 279 Pac. 805.

The widow's allowance is in the nature of a part of the cost of administration. 24 C. J. 230, 231 and note 98 on page 231, citing *Deeble* v. *Alerton*, 58 Col. 166; 143 Pac. 1096; *Wilson* v. *Wilson*, 55 Col. 70; 132 Pac. 67. It is not a claim or demand which must be presented in due form of law to the executor or administrator of the estate, but is an expense of administration. *In re Cutting*, 174 Cal. 104; 161 Pac. 1137.

In determining the value of the net estate subject to estate tax, section 403 of the Revenue Act of 1921 and the corresponding section 303 of the Revenue Act of 1924, allow as a deduction from the corpus of the estate administration expenses, claims against the estate and such amounts reasonably required and expended for the support during the settlement of the estate of those dependent upon the decedent as are allowed by the laws of the jurisdiction under which the estate is being administered.

In *Fred Wolferman, Executor*, 10 B. T. A. 285, the Commissioner in determining the net estate subject to estate tax refused to allow as a deduction $10,000 ordered paid by a Kansas probate court for the support of the widow during the period of administration. This Board held said amount was a proper deduction.

In *Charles Lesley Ames, Executor*, 14 B. T. A. 1067; affd., 49 Fed. (2d) 853, in which it was contended by petitioner that the amounts which the probate court of Minnesota ordered paid to the widow for the maintenance of herself and children during the period of administration should be deducted from the gross income of the estate, we held that such payments were not so deductible, but were distributions from the funds or corpus of the estate. See also *Estate of W. S. Tyler*, 9 B. T. A. 255.

In the case of *Buck* v. *McLaughlin* (C. C. A., 9th Cir.), 48 Fed. (2d) 135, the court had before it for determination the question whether " family allowance " to decedent's widow is taxable income within the purview of the Sixteenth Amendment and section 213 (a)

of the Revenue Act of 1921. The court decided that such allowance was not " taxable income " in the hands of the widow.

The question in that case was not the same as in the instant case, but the court's conclusion that the widow's allowance is not taxable income is more consistent with the theory that it is derived from the corpus of the estate than that it proceeds from the income of the estate.

The petitioner contends that the deductions claimed are allowable under the plain wording of the statute, referring to and quoting section 219 (a) and (c) of the Revenue Act of 1921 and apparently relying specially on the phraseology in (c) to the effect that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary.

In the instant case, however, in our opinion, the widow's *allowance* claimed as deductible from income of the estate was not, in the light of California law and decisions and the Revenue Act of 1921, *income properly paid*. The petition did not pray that it be so paid nor did the probate court so order, but construed the request for an allowance " out of the estate," which the applicable statute intended.

The petitioner also insists its contention is sustained by I. T. 2561, C. B. X-1, p. 175, construing article 863 of Regulations 74. In that ruling it is stated that under the Michigan law it was the practice for the probate judge to issue an order for the payment of the widow's allowance with no provisions as to whether it was to be paid out of income or out of principal, but that it was the practice of the auditor general's department and of the probate judges to consider the widow's allowance as being paid out of income to the extent there was income out of which to pay it. Office Decision 829 (C. B. 4, 224) is also cited and relied on by the petitioner.

The facts and circumstances existing and the law considered and ruled on in I. T. 2561 and O. D. 829, *supra*, are not identical with those in the instant case, and if they were so considered by us, would not be controlling herein. There is no evidence adduced showing that the practice of the probate courts of California in the matter of granting and ordering paid family allowance to the widow of a decedent is the same as prevails in the Michigan probate courts, as indicated in I. T. 2561, *supra*.

In view of the California law, the decisions of its courts construing the same, and the prior decisions of this Board, we are of the opinion that the widow's allowance is properly a charge against the corpus of the estate and not legally deductible from income of the estate.

*Judgment will be entered under Rule 50.*