María del Pilar Becerril, Vda. de Cerra, et al., Plaintiffs and Appellees, v. Domingo Cerra, et al., Defendants and Appellants.

No. 6766.   Argued June 2, 1936.—Decided July 30, 1936.

*Jorge L. Córdova* for appellant. *Arturo Aponte* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

By deed of May 9, 1930, the plaintiffs leased to the defendant Domingo Cerra the "Convento" property in the Municipality of Fajardo, for a period of four and a half years, to expire on June 30, 1934, rental being fixed at $10,000 yearly, and the lessee agreeing to pay the taxes upon the leased property.

The defendant entered into possession of the properties, devoting a part thereof to the cultivation of sugar cane; on June 6. 1930, the defendant entered into a crop loan contract with the other defendant, The United Porto Rican Bank, by which he charged and encumbered all of the plantations of cane existing upon the properties, and the sugars to be produced therefrom, to guarantee to the bank the payment of the crop advances. This lien was created for the same period as the lease.

The lessee Cerra failed to pay taxes levied upon the properties from the time he took them over, amounting to $7,135.86. The government attached the properties to collect such taxes.

Such lessee having likewise failed to pay rent for the period from July 1, 1931 to December 21, 1932, amounting to $15,000, the plaintiff notified the defendant bank of such default and required it as crop loan creditor to pay such rents for the lessee. The defendant Cerra has no properties of value other than the canes growing upon the properties.

Upon the facts which we have just set out the plaintiffs filed a suit in which they asked for judgment as follows:

1. Ordering Domingo Cerra to pay the amounts owing for past due taxes and past due rents and the amounts which may become due for either or both reasons until the expiration of the lease, plus legal interest.

2. Declaring that such sums are preferred over any sum which the defendant bank may have advanced to Domingo Cerra, in accordance with the crop loan contract between them; and that the canes are subject to the plaintiffs' credit, plaintiffs being entitled to collect the same with preference over the defendant bank, which shall not be permitted to collect anything from the canes growing upon the property until the plaintiffs shall have collected in full.

The defendant bank filed a demurrer, attacking the sufficiency of the facts set out in the complaint. From the record before us it does not appear that any order whatever was entered upon such demurrer.

The plaintiffs attached the plantations of cane to secure the effectiveness of the judgment; and on June 7, 1933, the court appointed a receiver with power to care for, cultivate, administer and grind the canes.

On July 7, 1933, the plaintiffs asked the court for an order directing the receiver forthwith to pay from funds in his possession derived from the sugar produced by the canes, the sum of $9,728.51 claimed by the Treasurer of Puerto Rico for taxes upon the property. On the same date the People of Puerto Rico asked leave to intervene in the suit, for the purpose of claiming the payment of the taxes owed on the real property. The defendant bank objected to both motions, maintaining that its crop loan credit was preferred over the claim of People of Puerto Rico for taxes, for which the government has a preferred lien upon the real property.

The district court allowed the People of Puerto Rico to intervene and on June 14, 1933, granted its claim and entered an order directing the clerk of court to pay the amount of the taxes so claimed and to charge the same to funds on hand derived from the sale of the attached sugar. The order of payment was complied with. The defendant bank took the instant appeal, in which neither the plaintiffs nor the intervener have appeared.

The appellant has assigned in its brief the commission of seven errors, of which the last six may be consolidated into one, since actually they involved but a single question. Such errors are as follows:

██ 1. That the court erred and acted without jurisdiction in ordering that the payment of $9,728.51 for taxes be made immediately after the order of the court was entered, in spite of the fact that the attorney for the defendant bank had at that moment announced that he would file a notice of appeal from such order.

From the transcript of the evidence it appears that immediately after the court entered the order appealed from, the attorney for the defendant bank said:

"We want it to appear that at this moment we are going to file an appeal from Your Honor's order, and that, in view of the fact that such an appeal suspends Your Honor's order, the clerk be ordered not to issue the check."

To this the court replied:

"In spite of the appeal the court orders the clerk to issue the check. The People of Puerto Rico is solvent."

The attorney for the defendant took an exception. On the same day on which the order was entered, but after payment had been made, the notice of appeal was filed.

We have no doubt whatever that the order entered by the court below is appealable. See *Santiago* v. *Benvenutti y Torres,* 43 P.R.R. 343, and *Becerril* v. *Cerra,* 48 P.R.R. 84.

The question raised by the alleged error which we are discussing is: Did the trial court have the power to deprive the party prejudiced by its order of the right to appeal, by ordering immediate compliance with its order, notwithstanding the fact that such party had caused its intention to appeal to appear in the record and that the statutory time to appeal had not elapsed?

The effect of the taking of an appeal is to stay all proceedings in the court below with respect to the judgment or order appealed from, except in those cases in which the sale

of properties which may be lost or which may deteriorate is ordered, in which cases the sale ordered may be carried out, but the proceeds thereof deposited until the appeal is disposed of. Sections 297 and 298 of the Code of Civil Procedure.

The order of June 14, 1933, directing the payment from moneys deposited in court of the amount of the taxes claimed, was appealable as an order finally determining the only controversy or issue presented by the complaint in intervention of the People of Puerto Rico, which made it a final judgment and as such appealable within 30 days following the date of notification and entry, in accordance with the provisions of. Subdivision 1 of Section 295 of the Code of Civil Procedure and the decisions of this court defining what it understood by a "final" judgment. See *Santiago* v. *Benvenutti y Torres*, *supra; Standley* v. *Hendrie*, 55 Pac. 723; *Los Angeles* v. *Los Angeles Water Co.*, 134 Cal. 121; *In re Welch*, 106 Cal. 427, and *Grant* v. *Superior Court*, 106 Cal. 324.

▌▌ The order entered by the court below was not final and executory until after the time to appeal had expired. The court erred in refusing to withhold the issuance of the check in payment of the taxes, after the attorney for the appellant bank had announced, immediately after the order was entered, that it was his intention to appeal to this court. We find no justification whatever for the rapidity with which the payment and the issuance of the check was ordered to be made, without even giving an opportunity to the party injured by the order to draft, notify and file its notice of appeal.

▌ We cannot accept as a valid excuse that alleged by the trial court, in refusing to stop the issuance of the check, that is, that the People of Puerto Rico is solvent, since the solvency of an appellee, which is no excuse to justify the execution of an appealable judgment, is even less so in the case of the People of Puerto Rico, in view of the fact that

the People may not be sued without its consent for the recovery of amounts improperly paid to it.

■ 2. That the order appealed from is erroneous because the court, upon a simple motion, granted the final prayer and sole object sought by the complaint in intervention of the People of Puerto Rico; and because it granted more than that asked for by the plaintiffs in the principal suit.

In the case of *Becerril* v. *Cerra y United Porto Rico Bank,* 48 P.R.R. 84, by the same parties as those in the instant case, the plaintiffs filed a motion asking the court to order that from the funds in the hands of the clerk, $3,472.21 be delivered to the plaintiffs as reasonable compensation for the use of the lands for the four months of the grinding season, during which the canes were ground, which produced the funds deposited in the clerk's office and subject to the receivership. The creditor bank objected to such motion. The court directed the payment prayed for and the bank appealed. This court reversed the order appealed from, stating:

"The allegations of the complaint clearly raise the question of whether the plaintiffs are entitled to recover, out of the cane planted by their lessee, what he owes them under the contract of lease entered into between them, with preference over any other of said lessee's creditors, including The United Porto Rican Bank, a crop loan creditor, to which the law concerning contracts for agricultural advances grants preference from the date of the recording of its contract in the registry of agricultural contracts over other subsequent credits of any kind, except debts for taxes, in regard to the fruits the object of the crop lien, during the years stipulated in the contract and until the creditor is fully reimbursed the amount of his credit. Consequently, until it is decided by a judgment that the lessors may recover out of the proceeds of the cane planted on their property by the lessee, with preference over the bank that made the crop loan and to which the law grants, for the collection of its credits, preference over any other subsequent credit to the recording of its crop loan contract in the registry of agricultural contracts, with the exception of taxes, it can not be ordered that the plaintiffs col-

lect any amount whatever out of the proceeds of the cane subject to the crop lien, for the use of the lands by the receiver appointed in this suit.''

We see no reason whatever to draw any substantial distinction between the instant case and the prior one. Here it is purported, as it was purported in the prior case, to put an end to the controversy between the parties by an order upon a simple motion, by entering an order and proceeding to execute it without giving the party prejudiced an opportunity to perfect its appeal within the term granted to it by law.

In their complaint the plaintiffs claim the sum of $7,135.86 as taxes upon the property not paid by the lessee. The People of Puerto Rico in its complaint asked for the payment of taxes assessed against the property, not only during the period of the lease made to Domingo Cerra, that is from January 1, 1939 to June 30, 1933, but also those imposed for the period from July 1, 1928 to December 31, 1929, when the lease contract had not even been entered into between the plaintiffs and the defendant Domingo Cerra; and prayed that payment be ordered from the proceeds of the canes cultivated with money supplied by the creditor bank. The bank opposed this motion, contending, among other defenses, that the property subject to lease is what ought to respond exclusively for the payment of the taxes and that the most which the creditor bank could be supposed to do would be to pay the taxes for the year 1932–1933, during which the canes producing the funds deposited with the clerk of court were harvested.

As may be seen, all of these contradictory averments raise issues on points of controversy between the parties, which ought to be decided by a judgment and not summarily by decision of a motion as has been done in the instant case. Litigants are entitled to have the ordinary course of proceedings followed; and the fact that the People of Puerto Rico was the moving party does not justify the action of

the court below, because the government, in appearing before courts as a litigant, has no right to any different treatment from that customarily employed to dispense justice to any citizen.

We consider the two errors assigned substantial and prejudicial to the interests of the appellant; and we feel that the court below did not use its discretion wisely in entering the order appealed from and refusing to suspend execution thereon until the decision of the instant appeal.

The order appealed from must be reversed and a judgment rendered dismissing the motion upon which it was based.

Mr. Justice Wolf dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.