[Civ. No. 2219.    Fourth Appellate District.—July 22, 1938.]

In the Matter of the Estate of IVA DELIGHT CALHOUN, Deceased. EASTER N. BEEKLY, as Guardian, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Administrator, etc., Respondent.

Don W. Kinney and G. A. Bisbee for Appellant.

Borton, Petrini & Conron for Respondent.

MARKS, J.—This is an appeal from an order refusing to revoke letters of administration of the estate of Iva Delight Calhoun, deceased, issued to the Bank of America National Trust and Savings Association, and to appoint Easter N. Beekly, the guardian of the person and estate of Sophronia Arminella Cameron, administratrix in its place and stead. We will hereafter refer to the administrator as the "Bank of America".

Iva Delight Calhoun died intestate in Kern County on January 26, 1937, leaving surviving her as heirs at law, James A. Calhoun, her husband, and Sophronia Arminella Cameron, her mother. On January 30, 1937, these two heirs signed a written nomination of the Bank of America as administrator and requested the Superior Court of Kern County to appoint it as such. On February 5, 1937, the Bank of America filed its petition for letters of administration. On February 18, 1937, the bank was appointed such

administrator. It qualified on February 20, 1937, and entered upon the discharge of its duties. In the meantime James A. Calhoun died on February 6, 1937. On June 21, 1937, Easter N. Beekly was appointed guardian of the person and estate of Sophronia Arminella Cameron, an incompetent person.

On July 2, 1937, Easter N. Beekly, as such guardian, filed her petition asking revocation of the letters of administration which had been issued to the Bank of America and asking for her appointment as administratrix of the estate. In addition to the foregoing facts the petition alleged ''that the said Saphronia Arminella Cameron was on the said 18th day of February, 1937, incompetent and unable, unassisted, to take care of herself and her property, and at the time of the execution of the said nomination, of which 'Exhibit A' is a copy, did not and was unable to comprehend the nature and purport of the said nomination''.

The Bank of America demurred to this petition and at the same time filed its answer. The demurrer was sustained and the petition was dismissed. This appeal from the order followed.

It is the theory of appellant that the nomination by James A. Calhoun became ineffective at the time of his death, which occurred prior to the time of the appointment of the Bank of America; that the nomination of Sophronia Arminella Cameron was ineffective for any purpose because she was incompetent at the time of its execution which, on demurrer, must be accepted as a fact; that under the provisions of section 422 of the Probate Code, appellant, as guardian of a parent who falls within class four of that section of the code, became entitled to letters of administration as a matter of law over the Bank of America which, without a valid nomination, fell into class ten of that section.

For the purpose of this opinion we will assume, without holding, that the nomination by James A. Calhoun became ineffective with his death on February 6, 1937, and that Sophronia Arminella Cameron was at all times entitled to take part of the property of the estate on distribution.

Section 450 of the Probate Code provides as follows: ''When letters of administration have been granted to any person other than the surviving spouse, child, parent, brother or sister of the intestate or the public administrator,

any one of them whom is competent and had a prior right to letters, or any competent person at the written request of any one of them who is competent and had such prior right, may obtain the revocation of the letters, and be entitled to the administration, by filing a petition praying the revocation, and that letters of administration issue to him.''

In *Estate of Atkins*, 121 Cal. App. 251 [8 Pac. (2d) 1052], the court said: ''Section 450 of the Probate Code, which is a re-enactment of section 1383 of the Code of Civil Procedure, provides that where an administrator has been appointed and letters granted to other than a preferential person, upon the application of a preferential person the letters so granted will be revoked and the preferential appointed. Section 521 of the Probate Code, which is but a re-enactment of former code provisions, specified that an administrator or executor may be removed where the estate has been wasted, embezzled or mismanaged, or where he has committed a fraud or is about to commit a fraud upon the estate. This section, as has been held, is directory and not mandatory. The word 'may' is not read 'must' unless the circumstances are such as make it a gross abuse of discretion not to order removal. Likewise, section 524 of the Probate Code specifies that if, upon the settlement of an account, it appears that an executor or administrator has embezzled, wasted or mismanaged the estate, his letters must be revoked. The word 'must' used in this sentence may at times be considered directory and not mandatory. (*In re Chadbourne's Estate*, 15 Cal. App. 363 [114 Pac. 1012], where the use of the words 'may' and 'must' is discussed in an opinion written by former Justice Burnett of this court.)''

If we should apply the rule announced in the Atkins case to the facts before us we would be constrained to hold that under sections 450 and 426 of the Probate Code the probate court in a proper case and at a proper time might be invested with a certain discretion in revoking or refusing to revoke letters of administration. However, we do not believe that the exercise of any such discretion should be called into play in ruling on a demurrer to a petition. Such demurrer only raised questions of law and called for a ruling upon the legal sufficiency of the petition of appellant. The decision of such a question of law should be made upon the well-established rules of pleading. The ap-

plication of those principles should be made by the trial judge and give no occasion for the exercise of any discretion. Such discretion should only be exercised in decisions on facts after a demurrer had been disposed of.

Section 401 of the Probate Code provides as follows: ''No person is competent to serve as an executor or executrix who is . . . adjudged by the court incompetent to execute the duties of the trust by reason of . . . want of understanding . . . '' Section 420 of the same code makes these disqualifications applicable to an administrator and an administratrix.

■ The principal question before us is the effect of the allegations in the petition of appellant to the effect that Sophronia Arminella Cameron was an incompetent person and one without understanding on January 30, 1937, at the time she signed the nomination of the Bank of America as administrator. Sections 401 and 420 of the Probate Code provide that a person *adjudged* incompetent may not be appointed an administrator. Mrs. Cameron was not *adjudged* incompetent until over four months after the Bank of America had been appointed on her nomination. We are confronted with the question: Did the appointment of her nominee involve a decision of the question of her competency to nominate?

In *Howell* v. *Budd,* 91 Cal. 342 [27 Pac. 747], the Supreme Court said: ''Passing to the law of this state, we find practically this identical question carefully considered by this court in the case of *Garwood* v. *Garwood,* 29 Cal. 514, where the doctrine heretofore announced is fully approved and declared to be the law of the land. Respondent insists that the effect of the law found in *Garwood* v. *Garwood,* 29 Cal. 514, has been nullified by the following provision of section 1908 of the Code of Civil Procedure: 'In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, . . . the judgment or order is conclusive upon the title to the thing, the will, or administration.' The fair and legitimate interpretation of this provision is, that a judgment or order respecting the administration of the estate is conclusive upon the administration as to all matters directly involved in such judgment or order.'' (See, also, *Estate of Aldrich,* 147 Cal. 343 [81 Pac. 1011].)

The petition for letters of administration filed by the Bank of America recited that it was the nominee of James A. Calhoun and Sophronia Cameron and as such was entitled to letters of administration. The nomination was filed with the petition.

Assuming that the nomination by James A. Calhoun was rendered void by his death, the Bank of America was then seeking appointment as the nominee of Sophronia Arminella Cameron. Thus the validity of this nomination was before the court when the petition of the Bank of America was heard and granted. Appellant urges, and we think correctly, that a person without understanding could not make a legal nomination. Therefore, the competency of Sophronia Arminella Cameron to make the nomination was directly before the court and one upon which it could have taken evidence. This question being directly involved in this proceeding (for all we know evidence may have been taken upon it) we must conclude that it was then decided by holding that the nomination was valid and that the nominor was competent to act. That being true, the trial court was not compelled to again adjudicate that question. Sophronia Arminella Cameron was not adjudged incompetent until June 21, 1937. That is no evidence that she was incompetent on January 30, 1937, or at any other time prior to June 21, 1937.

A guardian stands in no better position to petition for revocation of letters of administration than her ward would have been had there been no guardianship. (*Estate of Graff*, 169 Cal. 250 [146 Pac. 657].) An heir having once nominated an administrator and the administrator and the probate court having acted on such nomination, the heir cannot change his mind and seek letters himself or nominate another. (*Estate of Bedell*, 97 Cal. 339 [32 Pac. 323]; *Estate of Myers*, 9 Cal. App. 694 [100 Pac. 712].)

Further, the Bank of America being a nominee of one of a preferred class named in section 450 of the Probate Code, it cannot be removed from its office on petition of a guardian of one in the same or lower class. In *Estate of Carter*, 9 Cal. App. (2d) 714 [50 Pac. (2d) 1057], it was said:

"The rule is settled beyond controversy that no person in any of the preferred classes mentioned in section 1383

(Code Civil Procedure) could assert his prior rights under that section if original letters had been issued to any person within any one of the classes specifically mentioned in that section. (*Estate of Shiels*, 120 Cal. 347, 349 [52 Pac. 808]; *Estate of Aldrich*, 147 Cal. 343, 345 [81 Pac. 1011].) Since its adoption that section has been held to apply only in cases where original letters have been issued to one 'other than' those specifically mentioned in that section.''

Appellant urges that the order appointing the Bank of America was void on its face and therefore could be attacked at any time. The order had in it what was clearly a typographical error. This was corrected by the trial judge on his own motion. His right to do this and make his records speak the truth is too well settled to need citation of supporting authorities.

The order appealed from is affirmed. Respondent will recover costs of appeal.

Barnard, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1938.