[Civ. No. 12181. Second Appellate District, Division Two.—August 21, 1939.]

In the Matter of the Estate of MICHAEL F. O'DEA, Deceased. BEN H. BROWN, Public Administrator, etc., Appellant, v. HARRIETT T. O'DEA, Administratrix, etc., et al., Respondents.

J. H. O'Connor, County Counsel, and Ernest Purdum, Deputy County Counsel, for Appellant.

Bailie, Turner & Lake for Respondents.

McCOMB, J.—From an order of the superior court sitting in probate, granting a judgment of nonsuit and dismissal of appellant's petition for revocation of letters of administration issued to respondents and requesting the issuance of letters of administration to himself, appellant appeals.

These are the essential facts:

January 22, 1938, Michael F. O'Dea died intestate at Los Angeles. Thereafter letters of administration were issued to respondent Harriett T. O'Dea, a second cousin of decedent, and to respondent Citizens National Trust and Savings Bank of Los Angeles, who was nominated by Miss O'Dea as coadministrator. Subsequently, upon learning that there were three nonresident, first cousins of decedent, appellant filed a petition to have the letters of administration theretofore issued revoked and to have himself appointed as administrator of decedent's estate. The probate judge sustained an objection to the introduction of any evidence and granted a judgment of nonsuit and dismissal of the petition.

These are the questions to be determined:

*First: Does section 450 of the Probate Code authorize the public administrator, after letters of administration have been granted to another, upon learning that he had a prior right to said letters, to petition for revocation of the letters of administration theretofore issued and for appointment of himself as administrator?*

*Second: Where, after a hearing of the petition for letters of administration, the probate court makes a finding that petitioner is "the next of kin" and an "heir at law" of decedent and "entitled" to letters of administration as such, is such finding res judicata in a subsequent proceeding under section 450 of the Probate Code, when evidence is offered to prove that the prior petitioner was not "the next of kin" or an "heir at law" or "entitled" to letters of administration?*

The first question must be answered in the affirmative. The law is settled in California that, where letters of administration have been granted to any person other than the surviving (1) spouse, (2) child, (3) parent, (4) brother, or (5) sister

of the intestate, or (6) the public administrator, any one of them who is competent may file a petition for the revocation of the letters theretofore issued and pray that letters of administration be issued to the petitioner. (Sec. 450, Prob. Code; *Estate of Way,* 29 Cal. App. (2d) 669, 673 [85 Pac. (2d) 563].)

██ The second question must be answered in the negative. The law is settled in California that under section 450 of the Probate Code a person having superior right to letters of administration can directly attack the issuance of letters of administration to one having a secondary right thereto by filing a petition for the revocation of such letters of administration. (Sec. 450, Prob. Code; *Estate of Way,* (Dec., 1938) 29 Cal. App. (2d) 669, 676 [85 Pac. (2d) 563].)

The questions and arguments now being urged before us were presented to this court in *Estate of Way, supra,* and were determined adversely to the contentions made by respondents here. Thereafter on February 9, 1939, the Supreme Court denied a petition for a hearing of *Estate of Way, supra,* thereby overruling prior decisions which might appear to state a contrary rule, such as *Estate of Nolan,* (1904) 145 Cal. 559 [79 Pac. 428]; *Estate of Nelson,* (1914) 167 Cal. 321 [139 Pac. 692]; *Estate of Davis,* (1907) 151 Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *Lynch* v. *Rooney,* (1896) 112 Cal. 279 [44 Pac. 565]; *Estate of Calhoun,* (July, 1938) 27 Cal. App. (2d) 706 [81 Pac. (2d) 605].

For the foregoing reasons the order appealed from is reversed.

WOOD, Acting P. J., Concurring.—I concur in the judgment. In my opinion *Estate of Way, supra,* does not overrule any prior decision.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1939.