[No. 8,283.—Department One.]
June 30, 1882.

## ESTATE OF J. N. MONTGOMERY.

FAMILY ALLOWANCE—INSOLVENT ESTATE.—It is the duty of the Court, after the expiration of one year from the granting of letters, to discontinue the allowance for the maintenance of the family, upon ascertaining the estate to be insolvent.

APPEAL from an order discontinuing family allowance, in the Superior Court of Tehama County. MAYHEW, J.

*John F. Ellison*, for Appellant.

The order making a family allowance, except the one provided by Section 1464 of Code of Civil Procedure, is a final

order. The order making an allowance under Section 1466, is an order for such an allowance out of estate as shall be necessary for maintenance of the family according to their circumstances during the progress of the settlement of the estate. If the Court can order administrator not to pay in future, it can compel Mrs. Montgomery to return the payments she has already received. It has the same power over the one as over the other. (Freeman on Judg. § 319, a; C. C. P. §§ 963, 1466, 1467, 1470.) The Codes in many sections make the claims of the family superior to the claims of creditors. (C. C. P. §§ 1467, 1469, 1626.)

*Chipman & Garter*, for Respondent.

Sections 1464–66 C. C. P. demonstrate that the allowance for family support during administration, is never to be deemed finally determined so as to be beyond the supervision of the Court.

The order fixing the allowance at one hundred and seventy-five dollars per month, which appellants claim was a final order, by its own terms attained the jurisdiction and power of the Court over the subject of allowances, by directing that that sum should be allowed "until the further order of the Court." *( Williams* v. *McDougall*, 39 Cal. 80.)

MYRICK, J.:

Deceased died intestate June 2, 1876, leaving him surviving a widow and two minor children. June 26, 1876, J. W. B. Montgomery was appointed administrator of the estate. August 14, 1876, the Probate Court made an order that one hundred and twenty-five dollars per month be paid to said widow for the support of herself and her two minor children. The real estate was appraised at one hundred and eighty-five thousand dollars; personal property remains in the hands of the administrator of the value of about eight thousand five hundred dollars. Unpaid claims, allowed and approved, now exist to the amount of, principal, about one hundred and twenty-six thousand dollars, interest, thirty-five thousand dollars. June 22, 1878, the Probate Court made an order increasing the family allowance to two hundred and fifty dollars per month. On the fifteenth of April, 1879, the allow-

ance was by order reduced to one hundred and seventy-five dollars per month, upon the application of creditors. On the seventeenth of August, 1881, certain creditors filed a petition that the family allowance be discontinued. This petition averred that the real estate had greatly depreciated in value, and that after the payment of the expenses of administration there would not remain sufficient to pay the debts, and that the estate is insolvent. The widow demurred to the petition, and the demurrer was overruled. No answer was filed, and the Court heard proofs of the allegations of the petition. From such hearing the Court found the allegations to be true, and that the estate is insolvent, and had been for more than one year prior to the date of the petition, and made an order discontinuing the family allowance. From such order this appeal is prosecuted by the widow.

It is urged, on behalf of the appellant, that the order fixing the family allowance is conclusive, under Section 1466, C. C. P., during the progress of the settlement of the estate, and that the amount cannot be reduced. We do not think this view is correct. The amount to be allowed for the support of the family is peculiarly within the province of the Court; it must be such as in its judgment, may be necessary for the maintenance of the family, according to their circumstances; but, in case of an insolvent estate, the time must not be longer than one year after the granting of letters. Here is an absolute prohibition in case of insolvency. The Court had power, upon ascertaining the estate to be insolvent —nay, it was its duty—to discontinue the allowance. In this case the allowance had been paid for five years, and during more than one year of that time, the Court finds the estate had actually been insolvent.

Order affirmed.

McKINSTRY and McKEE, JJ., concurred.