[Nos. 12629, 12630. In Bank. — December 29, 1888.]

IN THE MATTER OF THE ESTATE OF WILLIAM WALK-ERLEY, DECEASED. JOHN WALKERLEY ET AL., APPELLANTS, v. BLANCHE M. WALKERLEY, RESPONDENT.

ESTATE OF DECEDENT — FAMILY ALLOWANCE — POWER OF COURT TO GRANT. The superior court sitting in probate may in its discretion, in all cases where the necessity therefor exists, make a reasonable allowance out of the estate of a decedent for the support of the family during such reasonable period as, in view of all the facts, may be necessary.

ID. — PROVISION MADE IN WILL FOR WIDOW. — The fact that ample provision is made for the widow by the will does not prevent the court from setting apart to her the household furniture exempt from execution, or from making her a family allowance until such time as the dispositions contained in the will become available for her use.

APPEAL from an order of the Superior Court of Alameda County, setting apart certain household furniture, and from an order granting a family allowance to the widow of a decedent.

The facts are stated in the opinion of the court.

L. Quint, for Appellant.

Hall & Rogers, for Respondent.

C. Bartlett, for Executors.

Frederick E. Whitney, for Absent Heirs.

SEARLS, C. J.—There are two appeals in this case, based upon the same record, one from an order of the court setting apart to the surviving widow of William Walkerley, deceased, certain household furniture, books, etc., being furniture exempt from execution, and the other from an order allowing such widow a family allowance of $420 per month.

The two appeals will be considered together.

William Walkerley died on the sixteenth day of September, 1887, leaving no family except Blanche Walkerley, his widow, and a child conceived but not yet born at the date of the entry of the order in question (December, 1887).

His estate was valued at about seven hundred and eighty-two thousand dollars, which was encumbered to the extent of two hundred and sixty thousand dollars, and is solvent, and fully able to pay the monthly allowance awarded to the widow, which is found to be a reasonable allowance for her maintenance according to the circumstances of the family, and that she is without other means of support, and has no income from the estate.

The furniture is that left in the dwelling-house of deceased where the widow resides, which is found to be exempt from execution, and need not be enumerated.

Deceased left a last will, which was admitted to probate, together with a codicil thereto.

The original will bequeathed to the wife the furniture in question, to her sole use forever, the use of his residence during her widowhood, and an annuity of two thousand four hundred dollars per annum for life.

By the codicil, executed shortly before his death, deceased, on learning that a child was to be born to him, and as is therein stated for the purpose of providing for such child, "and to make a more liberal provision for my said wife than I have made in my will," annulled the provisions in the original will relating to his wife, and in lieu thereof gave and bequeathed to her the sum of one hundred thousand dollars, to be paid to her when certain property is sold as by the will directed, and in the mean time to be and remain a lien upon such property, bearing interest at five per cent per annum, said interest to be paid to her semi-annually.

The property alluded to is not to be sold during the life of the wife, or at least for twenty-five years, so that in effect she is to receive the interest as aforesaid during her life, or for twenty-five years.

At the date of the entry of the orders, no interest had yet, however, become due to the widow. All of the estate was the separate property of deceased.

It was competent for the court, under section 1465 of the Code of Civil Procedure, upon the coming in of the inventory to set apart for the use of the widow the property exempt from execution, which includes the furniture in this case, and under section 1466 of the same code to make such reasonable allowance for the support of the family as may be necessary, according to their circumstances, during the progress of the settlement of the estate.

These and kindred provisions contained in the same chapter are independent of the action of the deceased as expressed in his will, and of creditors, heirs, legatees,

and devisees, so far that when the necessity exists therefor, the court may provide for the decent support and maintenance of the family, until, in due course of administration, they can become the recipients of the share of the estate to which they are entitled as heirs, or otherwise. Instead of requiring the widow and children of deceased persons, who leave estates and homes, to dwell in the open air, to subsist upon meat which they cannot obtain, and drink which they cannot reach, the law humanely provides that they may remain in the homestead, retain the furniture and utensils exempt from execution, and have a support from the estate commensurate with their circumstances and necessities, until such time as they can come into the estate, which support, in case of the insolvency of the estate, cannot be longer than one year from the granting of letters testamentary or of administration.

The argument of the appellants, that the widow is provided for under the will, will become potent when it can be shown she has received or may receive the largess bestowed by that instrument.

Upon such a showing, the court will no doubt terminate the allowance, which, until that time, seems to be just and necessary. This is no new doctrine.

At common law, the widow was entitled to tarry for forty days after his death in the chief house of her deceased husband without being liable for rent, and to reasonable sustenance in the mean time out of her husband's estate; and this, whether her dower be sooner assigned to her or not.

In most of the states of our Union there are statutes conferring upon the probate courts power to provide an allowance for the support of the family for longer or shorter periods. Some of these statutes limit a family allowance to cases of intestacy, or to cases in which no provision is made by will, or if made, where such provision is waived by the widow. Our statute is not so limited.

The conclusion we reach is, that under our law the probate court may, in its discretion, in all cases where the necessity therefor exists, make for the support of the family a reasonable provision, during such reasonable period as in view of all the facts may be necessary, subject, of course, to the proviso that if the estate is insolvent it shall not extend beyond one year.

That this provision should cease when the widow comes into such share of the estate as renders it no longer necessary, is no argument against the power to make and continue it until that event happens, which we may well assume will be upon receipt of the first installment of interest.

The orders appealed from, and each of them, are affirmed.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.