[S. F. No. 5433. In Bank.—February 23, 1912.]

In the Matter of the Estate of W. W. TREAT, Deceased.

ESTATES OF DECEASED PERSONS — FAMILY ALLOWANCE — INSOLVENT ESTATE—DURATION OF ALLOWANCE.—Under section 1466 of the Code of Civil Procedure, a family allowance, in the case of an insolvent estate, must not be for longer than one year after the granting of letters testamentary or of administration.

ID.—CONSTRUCTION OF ORDER—LIMITATIONS OF STATUTE TO BE READ INTO ORDER—FAILURE TO SPECIFY DURATION OF ORDER.—An order for a family allowance which, in form, simply grants an allowance of a certain sum per month, without any specification of the time during which it shall continue, should be construed as if the provisions of that section as to the time during which it should continue constituted a part of the order. So construed, such an order continues during the progress of the settlement of the estate, unless the estate is insolvent, in which event it continues for only one year after the granting of letters, even though the settlement of the estate has not then been concluded.

ID.—DETERMINATION OF QUESTION OF INSOLVENCY—COLLATERAL ATTACK ON ORDER.—Whether or not the estate is insolvent is a question of fact that may be determined, upon an opposition by creditors of the decedent, in a proceeding to enforce the continued payment of the allowance, instituted after the expiration of the year from the granting of letters. Such a proceeding involves no collateral attack upon the original order, but simply an inquiry as to whether the order had, by its terms, ceased to be operative.

ID.—MAKING OF ORDER DOES NOT DETERMINE QUESTION OF SOLVENCY OR INSOLVENCY.—While as a prerequisite to an order for family allowance under section 1466 of the Code of Civil Procedure, certain facts must be determined by the trial court, there is nothing in the statute requiring the question of solvency or insolvency of the estate to be so determined.

ID.—RIGHT TO ALLOWANCE IN CASE OF INSOLVENT ESTATE—TIME OF ALLOWANCE CANNOT BE CURTAILED.—Even if the estate be insolvent the family is entitled to such "reasonable allowance out of the estate as shall be necessary for" their maintenance "according to their circumstances," during the whole of the year prescribed, if the estate is properly in progress of settlement so long, and the court may not restrict such "reasonable allowance" to a specified part of such year. The determination of the *time* during which a "reasonable allowance" shall be paid does not rest in the sound discretion of the court.

ID.—FINDING ON SOLVENCY OR INSOLVENCY NOT IMPLIED FROM MAKING ORDER.—A finding and adjudication of the question of the solvency or insolvency of the estate is not implied from the mere making of an order for family allowance, within a year after the granting of letters, at least in the case of an order which does not in express terms prescribe the period during which the allowance shall continue.

ID.—APPEAL FROM ORDER DIRECTING PAYMENT OF ALLOWANCE IN INSOLVENT ESTATE.—Under section 963, subdivision 3, of the Code of Civil Procedure, allowing an appeal in probate proceedings from an order "against or in favor of . . . making an allowance for a widow or child," opposing creditors and the administrator of an insolvent estate may appeal from an order directing the payment of a family allowance under such original order therefor, for a period subsequent to one year after the granting of letters.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment of an alleged arrearage under a prior order, granting a family allowance. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, F. H. Gould, and Vincent Surr, for Appellant.

H. W. Orrick, and W. H. Spaulding, for Respondents.

ANGELLOTTI, J.—This is an appeal by certain creditors of the estate of deceased and the administrators with the will annexed from an order of the superior court of the city and county of San Francisco directing said administrators to pay an alleged arrearage under a prior order of said court, made subsequent to the return and filing of the inventory in said estate, granting a family allowance to the widow of deceased.

There is no controversy as to the material facts, which are as follows: Deceased died testate, and his will was admitted to probate on December 8, 1906. The inventory and appraisement of the estate was returned and filed on March 22, 1907. On May 15, 1907, Lucy B. Treat, the widow of deceased, filed her petition for a family allowance of $175 per month. On the following day the court made its *ex parte* order granting such application to the extent of $125 per month "to be paid by administrators herein, and same to date from date of order admitting will to probate," no expressed specification being contained therein as to the time during which such allowance should continue, or as to the condition of the estate in respect to solvency. No appeal was ever taken from this order. The administrators paid to the widow the amount so allowed for a period of thirteen months, to and including the month ending January 19, 1908, and refused to make any further payments. In January, 1909, the widow presented her petition for an order requiring such administrators to pay to her one thousand dollars, then in their hands and not necessary for the payment of costs and expenses of administration, on account of such allowance alleged to be due under such order, which would pay all sums due thereunder to and including the month ending September 19, 1908. The administrators and appealing creditors opposed the granting of such application on the ground set up in their answer that the estate is insolvent, the creditors alleging in their answer that such estate was insolvent at all times since the death of decedent, and both answers substantially alleging that the refusal of the administrators to pay any allowance after the payment of the same for thirteen months was because of such insolvency. Upon the hearing

in the lower court it was sought by the appellants to show such insolvency on the part of the estate, but the court, upon the objection of the petitioner, refused to hear any evidence on that question. If a showing that the estate was in fact insolvent would have been a sufficient answer to the application of the widow for the payment of any additional family allowance under the order of May 16, 1907, it is obvious that the lower court erred to the prejudice of appellants in excluding such evidence.

Section 1466 of the Code of Civil Procedure provides: "If the property set apart is insufficient for the support of the widow and children, or either, the court or a judge thereof must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, *which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary or of administration.*" The question in this case is as to the effect of the portion of this section which we have italicized. The theory of the appellants is that it constitutes a limitation which must be read into any order for family allowance, however general such order may be on its face, and that the allowance comes to an end upon the lapse of one year if the estate is, in fact, insolvent.

There can be no doubt that the statutory provision in question was intended to prevent the payment of any family allowance under section 1466 of the Code of Civil Procedure, for a longer period than one year after the granting of letters testamentary or of administration, where the estate is insolvent. This intention is clearly enough expressed, and has always been recognized in the decisions of this court. In *Estate of Montgomery,* 60 Cal. 648, where creditors sought an order discontinuing a family allowance on the ground of the insolvency of the estate, the allowance having already been paid for a period exceeding one year, the court said in affirming an order of discontinuance: "But, in case of an insolvent estate, the time must not be longer than one year after the granting of letters. Here is an absolute prohibition in case of insolvency. The court had power, upon ascertaining the estate to be insolvent—nay, it was its duty—to discontinue the allowance." In *Estate of Walkerly,* 77 Cal. 642, [20 Pac.

150], it was said that the court may make such allowance as may be necessary, "subject, of course, to the proviso that if the estate is insolvent it shall not extend beyond one year." (See, also, *Estate of Adams,* 128 Cal. 380, 383, [57 Pac. 569, 60 Pac. 965] ; *In re Lux,* 100 Cal. 593, 599, [35 Pac. 341].) We have in this provision of our statute a clear and explicit declaration by the legislature that the family allowance given under section 1466 of the Code of Civil Procedure, must not, in the case of an insolvent estate, be for longer than one year after the granting of letters testamentary or of administration. We can see no good reason why it should not be held, at least as to an order of the form of the one before us, one simply granting an allowance of a certain sum per month, without any specification of the time during which it shall continue, that the order is made upon the terms fixed by the statute, viz., that it is to continue during the progress of the settlement of the estate, unless the estate is insolvent, in which event it is to continue for only one year after the granting of letters, even though the settlement of the estate has not then been concluded. It certainly should not be presumed in construing the order that the court intended to violate the provision of the law forbidding the payment of such an allowance for more than one year in the case of an insolvent estate. In the case of an order in this form, at least, one where the court has done no more than to designate the amount of allowance per month, the fair and reasonable construction is that the provisions of the statute as to the time during which it shall continue constitute a part of the order. If we are to imply a provision that the allowance is to continue "during the progress of the settlement of the estate," it would necessarily seem that we must also imply the additional provision contingent upon insolvency. So construed, the order would cease to be effectual in case of an insolvent estate so far as future payments of allowance are concerned, upon the expiration of one year from the date of the granting of letters testamentary or of administration, and no order of court would be essential to that result. A question of fact might exist as to whether or not the estate was insolvent, and that question would have to be determined in some such proceeding as the one we have before us. Such a proceeding, however, would involve no collateral attack upon the original order, but simply an

inquiry as to whether the order had, by its terms, ceased to be operative.

The respondent's theory practically is that section 1466 of the Code of Civil Procedure contemplates and relates to conditions as they exist at the time the order of allowance was made, that so far as the question of insolvency is concerned the court must at the time of making the order determine whether the estate is then solvent or insolvent, and make its order in view of such determination, that the making of an order without any limitation as to the time during which it shall continue to be operative implies a finding of solvency which is conclusive as to the *status* of the estate in that regard in the absence of a revocation or modification of the order, except in a subsequent proceeding to obtain such revocation or modification, and that the allowance ordered must be paid during the entire progress of the settlement of the estate in the absence of such modification or revocation, for to hold otherwise would involve a holding that the validity and regularity of an order may be assailed in a collateral proceeding to enforce such order.

While as a prerequisite to an order for family allowance under section 1466 of the Code of Civil Procedure, certain facts must be determined by the trial court, we see nothing in our statute requiring the question of solvency or insolvency to be so determined. It must be determined, for instance, that such property as has been set apart for the support of the widow and children, under section 1465 of the Code of Civil Procedure, if any, is insufficient for their support, for the statute allows the order for family allowance to be made only where such other property is insufficient, and the granting of a family allowance necessarily implies a finding of such insufficiency (*Estate of Welch,* 106 Cal. 427, 430, [39 Pac. 805]). And the same thing is true as to the relationship of the claimants to the deceased. The allowance is authorized only for the maintenance of the *family* of the deceased, and an order granting such an allowance to a person as the widow of a deceased, necessarily concludes the question as to the *status* of such person as widow (*Estate of Nolan,* 145 Cal. 559, [79 Pac. 428]), at least so far as the matter of family allowance is concerned, unless it be set aside in some manner authorized by law. And so again as to the reasonableness of

the amount allowed. The finding is necessarily implied that such amount is a reasonable amount to be allowed for the maintenance of the family according to their circumstances, and the order is a conclusive adjudication on that subject as long as it remains in force. But it is nowhere in effect provided that solvency of the estate is a prerequisite to the making of any such order, where the, order is made within a year after the granting of letters. The other conditions existing, the allowance must be made whether the estate is solvent or insolvent (see 1 Woerner on Administrations, sec. 83; *Griesemer* v. *Boyer,* 13 Wash. 171, [43 Pac. 19], the only limitation in case of insolvency being that it must not continue "longer than one year after granting letters," etc. Even if the estate be insolvent the family is entitled to such "reasonable allowance out of the estate as shall be necessary for" their maintenance, "according to their circumstances," during the whole of the year prescribed if the estate is properly in progress of settlement so long, and we see nothing in the law authorizing the conclusion that because an estate is insolvent the court may restrict such "reasonable allowance" to a specified part of such year. The determination as to the *time* during which a "reasonable allowance" shall be paid does not rest in the sound discretion of the court. That time is fixed by the statute, which compels the granting of such an allowance as the court may consider reasonable for such time as may be properly consumed in the settlement of the estate, with the limitation of one year in case of insolvency. (See *In re Dougherty's Estate,* 34 Mont. 336, 343, [86 Pac. 38].) There is nothing in the statute to indicate that the limitation as to insolvent estates is applicable to only those estates as to which it is possible to show insolvency at the time of the making of the order. So that, as we have said, a determination of the question of solvency or insolvency is in no way necessarily involved in the making of the order within a year after the granting of letters, and consequently a finding and adjudication on that point is not to be implied, at least in the case of an order which does not in express terms prescribe the period during which the allowance shall continue. It is true, as has been said, that the court in making the order may take into consideration the fact of insolvency, if shown, in connection with all the other circumstances, in determining what may

be a "reasonable allowance," but this in no way affects the views we have stated. *Estate of Bell,* 131 Cal. 1, [63 Pac. 81, 668], is not in conflict with what has been said. On the settlement of an executor's account, objections were made to items consisting of sums of money paid by the executor to the widow under orders of the court for family allowance made years after the granting of letters, and after the widow had been paid a large allowance for years under a prior order. The ground of objection was that the estate was insolvent when such subsequent orders were made. It seems to be implied in the opinion that if such could be shown to be the case, the court must be held to be without jurisdiction to make the order, doubtless because the allowance granted thereby was for a period during which no allowance could be made in view of the limitation contained in section 1466 of the Code of Civil Procedure. But it was very properly held that under such circumstances, solvency of the estate being a prerequisite to the making of any order at all, the making of the order was necessarily a finding and adjudication that the estate was then solvent, which, of course, could not be attacked collaterally. The distinction between that case and this is obvious.

What we have said in reply to respondent's theory stated above is said with reference solely to the question of the proper construction of the order of family allowance involved in this case, and in support of our conclusion that, so far as the time during which the allowance was to continue is concerned, it simply ordered the payment for such period as was authorized by section 1466 of the Code of Civil Procedure, and in no degree adjudicated the question of solvency or insolvency. If this be the proper construction of the order, we have here, as already substantially said, no question of any collateral attack on the order, but simply an inquiry whether under the terms of the order itself it has not ceased to be operative. The question in this regard is somewhat analogous to a case where the widow who is granted a family allowance marries again during the progress of the settlement of the estate. It is held that in such a case, the order of allowance *ipso facto* terminates at the time of the second marriage, the theory being that such an order clearly implies that it is to be paid the widow only while she remains a member of the family of the

CLXII Cal.—9

deceased, and that by her marriage she removes herself from the operation of the order. The order is satisfied so far as she is concerned. (*Estate of Hamilton*, 66 Cal. 576, [6 Pac. 493].) See, also, *In re Dougherty's Estate*, 34 Mont. 336, [86 Pac. ·38], where it was held that an order for allowance to continue during the progress of the settlement of the estate must be presumed to have been satisfied when the time shall have arrived at which the estate may be settled.

In view of what we have said, we are satisfied that the administrators and creditors were entitled to show if they could, in response to the widow's application for the order appealed from, that the estate of deceased was insolvent. The court's ruling excluding the testimony offered in this behalf was, therefore, prejudicially erroneous.

It is claimed in the brief of respondent that the order involved in this appeal is not an appealable order, and that the appeal should be dismissed for that reason. A motion to dismiss the appeal on that ground was heretofore made by respondent and denied on its merits by this court. We see no reason to doubt the correctness of that ruling. The statute allows an appeal in probate proceedings from an order "against or in favor of . . . making an allowance for a widow or child." (Code Civ. Proc., sec. 963, subd. 3.) In view of what we have said as to the proper construction of the original order for family allowance, it is clear that the order here appealed from was in substance and effect one "making an allowance for a widow."

The order appealed from is reversed.

Shaw, J., Lorigan, J., Henshaw, J., Melvin, J., and Beatty, C. J., concurred.