The defendant in error, Central National Bank, will be referred to as plaintiff, and Margaret S. Cary, administratrix, plaintiff in error, as defendant.
On the 8th day of December, 1930, John Ira Cary died, leaving a widow, Margaret S. Cary, and three minor children; and on December 15, 1930, his widow was appointed administratrix of his estate. On the 6th day of January, 1931, the county court made an order allowing $750 a month for the support of deceased's family "until the return of the inventory in said estate; and that said allowance date from December 8, 1930." The inventory was not returned within the three months, as provided by section 1208, O. S. 1931, and shortly before the expiration of the three months period the court, upon application of the administratrix, granted an extension of time of two months within which to return the inventory, as provided by section 1215, O. S. 1931. The inventory was not returned within the time extended by the order, but was filed on August 25, 1931. The administratrix paid to the family the family allowance of $750 a month for a period of five months, which made the total amount paid as family allowance $3,750. On the 31st day of August, 1931, plaintiff, Central National Bank, filed a petition praying that the order of January 6th for family allowance be vacated and set aside, and alleged in the petition that it had a claim against the estate in the sum of $4,500, with interest at 8 per cent. per annum from October 5, 1930; that the claim was duly presented on February 6, 1931, and allowed by the court, and that it was past due and unpaid; that other claims, together with it, totaled $24,824, and that the entire value of the estate, as shown by the inventory and appraisement, was $21,392.22; that the allowance of $750 a month was excessive and should be vacated.
Thereafter it filed an amendment to the petition alleging that John Ira Cary, deceased, left his wife insurance in the sum of $200,000; that said insurance was ample and sufficient for the maintenance of the widow and three minor children, and that the sum of $3,000, which had already been taken out of the estate for the support of the family, was a sufficient amount, and that no further payments should be made under the order for family allowance.
The petition came on for hearing before the county court, and it found that plaintiff had a valid claim which had been allowed against the estate in the sum of $4,500, with interest at 8 per cent. per annum from October 5, 1930; that the aggregate amount of claims allowed against the estate was $24, 824, and that the total valuation of the estate was $21,392.22, and that the estate was, therefore, insolvent; that Margaret S. Cary, widow of deceased, had been paid out of the estate for family allowance the total sum of $3,750, which was five monthly payments, of $750 a month; that she was entitled to receive under the order of January 6th an additional sum of $1,500, being two additional monthly payments; and that said $1,500 should be in full satisfaction of such order for family allowance. The court adjudged that the widow receive $1,500 in addition to the amount already paid her as family allowance, and that it should be in full satisfaction of the order of January 6th, and sustained the petition in part and denied it in part.
From this judgment plaintiff bank appealed to the district court, which heard the evidence and found that the order of the county court of January 6th, properly interpreted, meant that the family allowance should not be continued beyond the maximum period of five months, and restrained the administratrix from paying any more under the order.
Defendant contends that the district court erred in refusing to sustain her motion to dismiss the appeal from the county court, for the reason that the notice of appeal failed to state the court to which the appeal was taken. Section 1401, O. S. 1931, is the statute governing appeals from the county court in probate matters and is as follows:
"1401. Appeal — how taken. The appeal must be made:
"First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and, *Page 261 
"Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."
In support of her contention defendant cites the case of Adair v. Montgomery, 74 Okla. 21, 176 P. 911, which holds that the language of the above statute is mandatory, but the particular point decided in that case is that the bond, as well as the notice, must be filed within ten days. This case is, therefore, not authority for defendant's contention. It will be seen that the statute does not require that either the notice or bond specify the court to which the appeal is to be taken, and we hold that it is not necessary in an appeal of this kind from the county court to specify the court appealed to. However, in this case plaintiff recites in the bond that it intended to appeal to the district court of Okmulgee county. We, therefore, hold that the appeal was properly lodged in the district court, and that no error was committed in overruling defendant's motion to dismiss.
Defendant further contends that the district court tried and adjudicated the case on appeal on a different issue and a different theory from that presented in the county court. It appears from the petition and amendment thereto that plaintiff sought to have the order vacated and set aside on the ground that defendant had been paid sufficient under the order for family allowance, in view of the insolvency of the estate. In disposing of the case on appeal the district court found that the county court intended, in the making and entering of the order of January 6th for family allowance, the allowance of $750 a month should not extend beyond a period of five months after the appointment of the administratrix, and entered its judgment based on such finding.
Although on appeal to the district court in probate matters the cause is tried de novo, yet it is not contemplated that new and different issues shall be framed in the appellate court. Parker et al. v. Lewis, 45 Okla. 807, 147 P. 310.
Although the district court assigned a different ground for his denying the widow and minor children any further money as family allowance than those presented in the petition and amendment, yet the real issue before both lower courts was whether or not any further payment should be made under the order for family allowance. We think that new and distinct issues were not made in the district court.
We come now to the most serious question raised on this appeal. Defendant contends that the order of the county court of January 6th, providing for the family allowance, which was unappealed from, became final, and that neither the county court nor the district court had authority to modify that order so as to affect in any manner any monthly installment which had accrued under the order prior to the time it was attacked. In other words, she contends that it was, in effect, a money judgment, and in so far as any installment which had accrued under the order was concerned, it should be treated in every respect as an ordinary judgment. On the other hand, plaintiff contends that the district court properly construed the order in question and that it had expired and spent its force by its own terms; that is, that it provided for payment of family allowance for a maximum period of time of five months, the limit of time within which under the statutes an administrator has for returning the inventory.
Under the facts in this case the widow had been paid $750 for five months, and a period of eight months and seventeen days had expired before plaintiff filed its petition attacking the order. Therefore, if we should hold that the order was in fact a judgment for all the monthly payments which had accrued prior to the filing of the petition, then defendant would be entitled to further payment of $750 a month for three months and seventeen days, unless the district court was correct in construing the order to mean that no further payment of family allowance was provided for In the order beyond the maximum period of time within which the administrator could file the inventory and appraisement.
We have never passed on the question as to whether or not an order for family allowance may be modified as respects installments already accrued. In the case of In re Foreman's Estate, 59 Okla. 1, 157 P. 279, this court held:
"Where there is a lawful order, making a monthly allowance to a widow, standing unchanged and unmodified, the administrator of the estate, in the absence of insolvency or fraudulent delay in closing the estate, cannot rightfully refuse to pay such allowance."
In the case of In re Buchanan's Estate, *Page 262 130 Okla. 148, 265 P. 1056, it is held that an order for a family allowance, when no appeal is taken therefrom and the time for appeal expires, becomes final in the absence of any statutory ground for setting the same aside.
We have no doubt but that the order in question was one from which an appeal could have been taken (sec. 1401, O. S. 1931), and when no appeal was taken, it became final. We are likewise convinced that such an order may be modified with respect to installments which have not accrued, when the condition of the family or of the estate is changed. In re Foreman's Estate, supra.
In the case of In re Nelson's Estate (Cal.) 139 P. 602, it is held:
"Though the court could modify an order fixing family allowance for a widow during the progress of the estate provided for by Code Civ. Proc., sec. 1466, after partial distribution of an estate so as to meet the altered condition of the estate, yet it could not make such order of modification operate retroactively, so as to cut off the allowance accrued since the partial distribution.
"Mere delay by a widow in demanding accumulated allowance having been set apart to her under Code Civ. Proc., sec. 1466, does not forfeit her right to it."
In discussing this question the court said:
"The order of October 13, 1909, giving to the widow an allowance of $500 per month, was made after the filing of the inventory. The allowance was not, therefore, one terminating upon the return of the inventory (Code Civ. Proc., sec. 1464), but was the allowance 'during the progress of the settlement of the estate,' provided for by section 1466 of the Code of Civil Procedure. All order 'against or in favor of making an allowance for a widow or child' is an order from which an appeal may be taken. Code Civ. Proc., sec. 963. When such order has become final, either by affirmance on appeal or, as in this case, by lapse of the time within which an appeal might have been taken, it becomes a binding and conclusive adjudication of all matters necessarily determined by the trial court as a basis to the making of the order. In re Stevens' Estate,83 Cal. 326, 23 P. 379, 17 Am. St. Rep. 252. Thus, for example, such an order involves a determination that the property set apart for the widow and children under section 1465 is insufficient for their support. In re Welch's Estate, 106 Cal. 427, 39 P. 805. Similarly, a grant of family allowance in favor of an applicant claiming to be the widow of decedent is 'conclusive as to the status of the person in whose favor it was made for all purposes connected with the order and the payment of the money thereunder.' Estate of Nolan, 145 Cal. 559, 79 F. 428. The order is not subject to collateral attack, and the superior court does not retain power to review its own action and make a new exercise of the judicial discretion on the matter, which it has already determined by such adjudication. The soundness of these declarations is fully recognized in Estate of Treat, 162 Cal. 250, 121 P. 1003. There it was held that the court below should have sustained the action of the administrators of an insolvent estate in refusing to pay family allowance which had accrued after the lapse of a year from the grant of letters. But the decision was put upon the ground that the provision of section 1466, limiting the right to family allowance to one year, in case of an insolvent estate, entered into and was a part of the order granting the allowance. The cutting off of the allowance was not, therefore, a change of the original order; it was merely the enforcement of a limitation contained in the order itself.
"In the case at bar the estate was solvent. The order granting the family allowance was therefore conclusive in favor of the widow's right to receive the amount directed to be paid to her, so long as the order remained in force. We do not doubt that, where there has been a change in the circumstances of the estate, or in the relations of the parties, the court may modify the order in accordance with the altered conditions. That such power exists has been strongly intimated, though not directly decided, by this court in Estate of Lux, 100 Cal. 593, 604, 35 P. 341, and Estate of Bell, 131 Cal. 1, 63 P. 81, 668. See, also, Estate of Walkerly, 77 Cal. 642, 20 P. 150. But, until such modification is made, the order retains its force as a judgment. So far as the claim for installments of allowance had actually accrued, 'the order, like any money judgment, was the property of the respondent'. Estate of Lux, 114 Cal. 73, 45 P. 1023. Assuming, therefore, that the executors proved that there had been such a change as to justify a reduction of the family allowance, they were not entitled to claim, as they do on this appeal, that the court should have made such reduction operate retroactively, so as to cut off the allowance accrued since the partial distribution. What the court did was to cut down the allowance from the date of the service of the executors' notice of motion. It was not authorized to do more."
The foregoing case was followed and applied by the California court in the comparatively recent case of In re Houston's Estate, 270 P. 931.
We, therefore, conclude that as to any installments which have already accrued under an order for a family allowance, the court may not make an order of modification to operate retroactively. It follows that if the proper interpretation of the order of January 6th is that the family allowance should be paid until the inventory was actually returned, *Page 263 
then the judgment of the district court must be reversed.
This brings us to an interpretation of the order in question. It provides, as heretofore stated, for a family allowance of $750 a month "until the return of the inventory in said estate." We think this order should be interpreted in the light of the statutes with reference to filing the inventory. They are as follows:
"1208. Every executor or administrator must make and return to the court, within three months after his appointment, a true inventory and appraisement of all the estate of the decedent, except the homestead, if any, which has come to his possession or knowledge."
"1215. If an executor or administrator neglects or refuses to return the inventory within the time prescribed, or within such further time, not exceeding two months, as the judge shall, for a reasonable cause allow, the court may, upon notice, revoke the letters testamentary or of administration, and the executor or administrator is liable on his bond for any injury to the estate, or any person interested therein, arising from such failure."
The county judge in making the order of course was familiar with the foregoing statutes and evidently had them in view when he provided that the allowance should continue until the return of the inventory. Certainly, he did not contemplate that the administratrix in this case would fail to comply with the foregoing statutes and thus subject herself to removal as such administratrix. If we should hold otherwise, then by her own wrongful act in failing to comply with the statutes in question and the order of the court she could have prolonged the time indefinitely within which she would return the inventory, and could thus have consumed the estate entirely by paying to herself and minor children the $750 a month family allowance. No doubt the county judge made the order for family allowance for an indefinite period, for the reason that he desired to see the condition of the estate as shown by the inventory. He could then have continued the order in force or modified it to such an amount as would have been justified by the amount and value of the estate.
The California court said, in the case of In re Nelson's Estate, supra, that:
"But the decision was put upon the ground that the provision of section 1466, limiting the rights to family allowance to one year, in case of an insolvent estate, entered into and was a part of the order granting the allowance. The cutting off of the allowance was not, therefore, a change of the original order; it was merely the enforcement of a limitation contained in the order itself."
While it perhaps is not as clear that the provisions of sections 1208 and 1215, supra, entered into and were a part of the order granting the allowance in this case, as the provisions of the section of the California Code limiting the right to family allowance to one year were a part of the order in that case, yet we think the foregoing quotation is helpful by analogy in determining the question here. Hence we conclude that the order making the family allowance must be construed in the light of the foregoing sections of our statutes, and that the county judge in making the order intended that the family allowance should not continue in any event for a period of more than five months. In view of our interpretation of the order, the judgment of the trial court discontinuing the allowance was therefore not a modification of the order; it was merely the enforcement of a limitation contained in the order itself.
Judgment affirmed.
The Supreme Court acknowledges the aid of Attorneys Robert D. Crowe, J. Berry King, and Edward Hirsh in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Crowe and approved by Mr. King and Mr. Hirsh, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.
OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.