[Civ. No. 1889.   Fourth Appellate District.—March 3, 1938.]

In the Matter of the Estate of COSTANZO MONGE, Deceased. TEREZINA RINAUDO, as Guardian, etc., Appellant, v. C. K. WAKEFIELD, as Administrator, etc., et al., Respondents.

John D. Chinello and Rae B. Carter for Appellant.

C. W. Tackaberry and Paul Staniford for Respondents.

BARNARD, P. J.—This is an appeal from an order denying appellant's petition for an order requiring the administrator of this estate to pay to her for the benefit of the above-named minors an accrued family allowance in the amount of $1225.

Costanzo Monge died on September 7, 1924, and letters were issued in his estate on November 18, 1924. On February 13, 1925, an order was made granting to his widow a family allowance of $125 per month commencing September 7, 1924, and continuing until the further order of the court. The widow remarried and on September 25, 1925, after due proceedings, an order was made granting to the appellant, as guardian of the minor children of the decedent, a family allowance of $150 per month commencing as of September 9, 1925, and continuing until further order by the court. On March 1, 1929, Bank of Italy National Trust & Savings Association, a creditor of said estate, filed a petition for a reduction or termination of said family allowance alleging that said estate was then insolvent. A hearing was held at which all interested parties appeared and on March 8, 1929, an order was made reducing the family allowance to be paid for the benefit of said minors to $100 per month and ordering that amount paid monthly in advance commencing with March 9, 1929. Payments were made in accordance with this order to and including December 9, 1932. Between that date and January 12, 1934, nothing was paid except the sum of $75, leaving an accrued family allowance as of the latter date of $1225. On January 16, 1934, responsive to proceedings duly had, the court set aside to said minors a probate homestead and further ordered that said family allowance "be discontinued from and after the 12th day of January, 1934".

Thereafter, the appellant, as guardian of said minor children, filed a petition asking that the administrator be required to pay said accrued and unpaid family allowance. Answers were filed denying that the administrator had sufficient cash on hand to pay said sum or any sum to said minors, and alleging that the estate was and had been insolvent at all times during the course of administration. The court found that $4,771.86 was then in the hands of the administrator, that all expenses of administration had been

paid except the sum of $300 as attorney's fees, that claims had been allowed aggregating about $27,000 which had not been paid, that from December 9, 1932, up to January 12, 1934, family allowance in the sum of $1225 accrued in favor of said minors and had not been paid, and that on January 12, 1934, the court "did then terminate said family allowance". It was further found "that on the 9th day of December, 1932, the estate of said decedent was insolvent, and that said estate continued to be insolvent and is now insolvent". An order was made denying the petition and this appeal followed.

The appellant contends that the court erred in admitting evidence with reference to the insolvency of the estate and in making its order denying the petition. It is argued that the finding that the estate was insolvent on December 9, 1932, constitutes a review by the trial court of a previous adjudication by the same court, that the question of insolvency was presented and passed upon by the court in making its order of March 8, 1929, that that order became final and had the effect of a money judgment, that said order was valid and in full force until regularly set aside, and that the order setting it aside could not be given a retroactive effect. The respondents contend that notwithstanding the wording of an order granting a family allowance under section 1466 of the Code of Civil Procedure (now sec. 680 of the Probate Code), there is an implied provision therein, arising out of said code section, that any such payments shall continue for only one year from the granting of letters if the estate is insolvent, that if at any time after the making of an order for family allowance the estate becomes insolvent the court is without power to enforce the payment of any family allowance which accumulates after said year, and that the question of insolvency of the estate may be brought to the court's attention at any time and does not constitute a collateral attack upon any orders theretofore made with respect to the payment of a family allowance.

The respondents rely upon *Estate of Montgomery,* 60 Cal. 648, and *Estate of Treat,* 162 Cal. 250 [121 Pac. 1003]. In *Estate of Montgomery, supra,* upon the application of creditors, a family allowance was discontinued and no attempt was made to make the order of discontinuance retroactive. In *Estate of Treat, supra,* the court held that a determination of

the question of solvency or insolvency was not necessarily involved in making an order for family allowance within a year after the granting of letters and that a finding or adjudication on that point is not to be implied in the absence of express terms showing such an intention. The right of creditors to oppose the payment of a family allowance for more than one year, in such a case, by showing that the estate was insolvent was sustained on the grounds and for the reasons that the question of solvency had not been passed upon, that the provision of the code section was to be considered a part of the order as made, and that the cutting off of the allowance at the end of a year was not a change of the original order but was the carrying out of a limitation contained therein. But the court recognized the distinction between the case then before it and one where the question of solvency had been determined by the order for a family allowance, and in commenting on the case of *Estate of Bell,* 131 Cal. 1 [63 Pac. 81, 668], said:

"On the settlement of an executor's account, objections were made to items consisting of sums of money paid by the executor to the widow under orders of the court for family allowance made years after the granting of letters, and after the widow had been paid a large allowance for years under a prior order. The ground of objection was that the estate was insolvent when such subsequent orders were made. It seems to be implied in the opinion that if such could be shown to be the case, the court must be held to be without jurisdiction to make the order, doubtless because the allowance granted thereby was for a period during which no allowance could be made in view of the limitation contained in section 1466 of the Code of Civil Procedure. But it was very properly held that under such circumstances, solvency of the estate being a prerequisite to the making of any order at all, the making of the order was necessarily a finding and adjudication that the estate was then solvent, which, of course, could not be attacked collaterally. The distinction between that case and this is obvious."

In *Estate of Bell, supra,* an order for the payment of a family allowance was made prior to the return of the inventory. About three years later, on the petition of creditors, the amount allowed was reduced. About three years later the amount was again reduced. Upon the hearing of

the final account the creditors objected to the amounts paid under the two later orders for family allowance on the ground that these orders were void by reason of the fact that the estate was insolvent when they were made. In holding that a valid order for a family allowance could not be thus attacked, the court said:

"The order is not void upon its face, and it is too late upon the hearing of the account to show that the estate was insolvent when the order was made, and that therefore the court lacked jurisdiction to make it. Such a holding would place executors and administrators in a sorry plight as would be fully exemplified in this case, if these items for money paid were rejected from the account. Conceding the court had no power to make the order if the estate was insolvent, still the making of the order in itself is an adjudication that the estate was not insolvent. . . .

"The time for appeal from the order has long gone by, and the attack here made is essentially a collateral attack. The making of the order necessarily involved a determination that the estate was solvent, and it is now proposed to show upon this collateral attack that the finding of the court as to the solvency of the estate is untrue. This cannot be done. These appellants had ample opportunity to protect themselves if the estate was insolvent by directly attacking the order. If they had no notice of the hearing upon which the order was made, then, clearly, they had the right subsequently to ask the court to set it aside."

The court then pointed out that the presumption which applies to judgments applies to such an order.

In *Estate of Nelson*, 167 Cal. 321 [139 Pac. 692], letters were issued in June, 1909. In accordance with an order made a family allowance was paid up to September 5, 1910. On September 8, 1910, under a decree of partial distribution the widow received some $146,000. No further payments were made under the order for family allowance and on June 7, 1913, the widow applied for an order directing the executors to pay to her the family allowance which had accrued since September 5, 1910. The executors moved for an order discontinuing the family allowance from and after September 5, 1910. The two motions came on for hearing together, the court ordered the payment of the accrued allowance up to the date when notice of the motion to discon-

tinue was served, and the executors appealed. In affirming the order the court said:

"When such order has become final, either by affirmance on appeal or, as in this case, by lapse of the time within which an appeal might have been taken, it becomes a binding and conclusive adjudication of all matters necessarily determined by the trial court as a basis to the making of the order. . . . The order is not subject to collateral attack, and the superior court does not retain power to review its own action and make a new exercise of the judicial discretion on the matter which it has already determined by such adjudication."

In that case the court further said:

"We do not doubt that, where there has been a change in the circumstances of the estate, or in the relations of the parties, the court may modify the order in accordance with the altered conditions. That such power exists has been strongly intimated, though not directly decided, by this court in *Estate of Lux*, 100 Cal. 593, 604 [35 Pac. 341], and *Estate of Bell*, 131 Cal. 1 [63 Pac. 81, 668]. (See, also, *Estate of Walkerly*, 77 Cal. 642 [20 Pac. 150].) But, until such modification is made, the order retains its force as a judgment. So far as the claim for instalments of allowance had actually accrued, 'the order, like any money judgment, was the property of the respondent'. (*Estate of Lux*, 114 Cal. 73 [45 Pac. 1023].) Assuming, therefore, that the executors proved that there had been such a change as to justify a reduction of the family allowance, they were not entitled to claim, as they do on this appeal, that the court should have made such reduction operative retroactively, so as to cut off the allowance accrued since the partial distribution."

In *Estate of Houston*, 205 Cal. 276 [270 Pac. 939, 60 A. L. R. 730], where a creditor was trying to collect a judgment against an estate which, though originally solvent, had become insolvent, the court held that since the estate was solvent when the order was made the duration of the allowance was not limited to one year, that a creditor was in no position to attack an order granting a family allowance which had become final, that the creditor might have acted opportunely to secure a modification of the order but that any such modification could not operate retroactively.

Under the rules thus laid down we conclude that the court erred in receiving evidence upon the question of the insolvency of this estate, in finding that the estate had been insolvent since December 9, 1932, and in denying the petition. The order made on March 8, 1929, was necessarily based upon a finding that the estate was then solvent, and that order became final and remained in full force and effect until it was terminated by the order discontinuing the family allowance from and after January 12, 1934. That order in turn became final and could not be reviewed or set aside by the same court. The order for a family allowance was in full force and effect until it was regularly set aside as of January 12, 1934, and the appellant was entitled to the amount which had accrued and which was unpaid up to that date. It is conceded that this amount is $1225.

The order appealed from is reversed and the trial court is directed to enter an order for the payment by the administrator of this estate to the appellant, as such guardian, of the sum of $1225.

Marks, J., and Jennings, J., concurred.